Sylvester G. McGEE, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–85–860–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 22, 1987.

Larry Urquhart, Brenham, for appellant.

John B. Holmes, Jr., Roe Morris, David L. Singer, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

PAUL PRESSLER, Justice.

Appellant was convicted of burglary of a building. The jury assessed punishment, enhanced by a prior felony, at twenty-five years confinement in the Department of Corrections. We reverse.

On August 27, 1985, Dorothy Ann LaFrance was working at a K-Mart Store. At approximately 1:00 a.m., when the store was not open to the public, she heard a loud bang in the back of the store, and the burglar alarm sounded. Shortly thereafter, she observed two persons in the camera department. She telephoned the police and the assistant manager of the store. While on the phone, she heard another "crash in the back of the store." She testified that this led her to believe there were then three persons in the store since there were two persons still near the front in the camera department.

Ed Benningfield, a sergeant in the Houston Police Department, "was summoned at about 1:30 a.m., to the "burglary in progress." As he entered the parking lot, he saw the appellant and two other persons, later determined to be juveniles, riding toward him on bicycles. Officer Benningfield stopped appellant and his two companions. Ms. LaFrance identified the appellant as one of the persons whom she had seen earlier in the camera department of the store.

Officer Benningfield took a plastic bag from appellant and another from one of the two juveniles. These bags contained a total of seven Civica cameras. It was later determined that these cameras were not taken from the K-Mart.

During the trial the State introduced evidence that a burglary had taken place at a Fox Photo booth two and a half miles from the K-Mart sometime that same evening. The window of the booth had been smashed and seven Civica cameras had been taken. There was no evidence of the time at which the burglary had taken place nor of the number of people involved. A Fox Photo employee testified that the cameras in appellant's possession were the same type as the ones taken from the Fox Photo booth. However, because they had no serial numbers, she was unable positively to identify the cameras carried by appellant as the ones taken from the booth.

 In his first three points of error, appellant alleges that the trial court erred in admitting evidence of the robbery of the Fox Photo booth. Generally, proof of the commission of an extraneous offense by an accused is irrelevant. *Elkins v. State*, 647 S.W.2d 663 (Tex.Crim.App.1983). However, an extraneous offense may become admissible if the State can show: 1) that the accused committed the extraneous offense; 2) that the offense is relevant to a material issue in the case other than the defendant's character; and 3) that the probative value of the offense outweighs its inflammatory or prejudicial effect. *Plante v. State*, 692 S.W.2d 487, 491 (Tex.Crim. App.1985).

In his first point of error, the appellant complains that the State was allowed to introduce evidence of the Fox Photo burglary to prove appellant's intent to commit the burglary at the K-Mart. The allegation was that it was a similarly accomplished burglary, committed in the same area, on the same night, and, therefore, relevant.

 Evidence of an extraneous offense is admissible to help prove intent only if the intent required for a conviction for the primary offense is a contested issue in the case. Intent can be characterized as a contested issue if (1) the required intent for the primary offense "cannot be inferred from the act itself," or (2) the accused presents evidence to rebut an inference that the required intent existed. *Ortega v. State*, 626 S.W.2d 746, 749 (Tex.Crim.App. 1981).

 Adequate evidence of appellant's intent had already been introduced. Appellant was identified by the owner of the building as having been inside the building immediately after the forced entry when it

was not open to the public. Proof that appellant had entered the building at night without the consent of the owner was sufficient to show his intent to commit theft. *Holland v. State,* 654 S.W.2d 745 (Tex.App. —Houston [14th Dist.] 1983), *aff'd per curiam,* 653 S.W.2d 820 (Tex.Crim.App.1983). The State introduced circumstantial evidence of the extraneous offense even though appellant's intent could be inferred from the act itself. The inflammatory and prejudicial effect outweighed any probative value the extraneous offense might have had.

In his second point of error, appellant argues that the court improperly admitted evidence of the extraneous offense to prove identity. At trial appellant placed his identity in issue by raising an alibi defense. Once the issue of identity is raised, evidence of an extraneous offense may be admissible to prove identity only if there are distinguishing characteristics common to both the extraneous offense and the offense for which the accused is on trial. *Messenger v. State,* 638 S.W.2d 883 (Tex.Crim.App.1982).

> When identity has become a contested, material issue, as it did in this case, there must be a showing that the extraneous offense which was committed by the Defendant was 'so nearly identical in method [to the instant offense] as to earmark them as the handiwork of the accused. Here much more is demanded than the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts. The device used must be so unusual and distinctive as to be like a signature.' E. Cleary, *McCormick's Handbook of the Law of Evidence,* 449 [2d ed. 1972]. If there is no sufficiently distinctive characteristic, then the relevancy of the evidence cannot outweigh its prejudicial potential.

*Collazo v. State,* 623 S.W.2d 647, 648 (Tex. Crim.App.1981).

To prove appellant's identity as the person who burglarized the K-Mart, the State introduced evidence of the manner in which the Fox Photo had been burglarized. Both buildings had been entered after glass had been broken. The State proffered this evidence along with proof that the stores were within bicycling distance to show that appellant was involved in both break-ins.

Not only were these distinguishing characteristics insufficient to constitute a "signature", but appellant's identity had already been proven by an eyewitness. Ms. LaFrance, shortly after the break-in, made a positive identification of appellant as one of the persons who had been inside the K-Mart. The State introduced circumstantial evidence of the extraneous offense even though appellant's identity had already been proven adequately. The inflammatory and prejudicial effect outweighed any probative value the extraneous offense might have had.

In his third point of error, appellant complains that the extraneous offense was erroneously admitted because the State failed to prove clearly that he committed the offense. Introduction of an extraneous offense committed by the accused is inherently prejudicial. *Plante v. State,* 692 S.W.2d at 494. Therefore, extraneous offense evidence should not be admitted before the jury unless the commission of the other crime is clearly proven and the accused is clearly shown to be the perpetrator. *Phillips v. State,* 659 S.W.2d 415 (Tex.Crim.App.1983).

The Fox Photo employee testified that, because the cameras did not have serial numbers, she could not identify the cameras found in appellant's possession as coming from a particular Fox Photo location. She also testified that 10,000 of the cameras had been distributed to 93 Fox Photo stores in Houston. The only evidence connecting appellant to the extraneous offense was his possession of the same number of cameras that had been taken from the Fox Photo booth. Because the State was unable to prove clearly that the appellant committed the extraneous offense, it was improper to admit evidence concerning it for any purpose. The inflammatory and prejudicial effect of admitting the extraneous offense outweighed its probative value.

The question of whether the error in admitting an extraneous offense constitutes reversible error is an ad hoc determination in each case. *Lewis v. State,* 676 S.W.2d 136 (Tex.Crim.App.1984); *Prior v. State,* 647 S.W.2d 956 (Tex.Crim.App.1983). If there is a reasonable possibility that the inadmissible evidence might have contributed to either the conviction or the punishment assessed, the error was not harmless. *Maynard v. State,* 685 S.W.2d 60, 67 (Tex. Crim.App.1985).

In the instant case the jury was presented with evidence that appellant committed the charged offense. However, extremely prejudicial evidence that the appellant might have committed an unrelated burglary was admitted even though the State could not prove the extraneous offense. There is a reasonable possibility that the jurors may not have been convinced of appellant's guilt by the State's case-in-chief, and that the erroneously admitted evidence of the extraneous offense persuaded the jury to go ahead and convict appellant. Admitting the offense into evidence was, therefore, harmful error. Appellant's first, second and third points of error are sustained.

The judgment of the court below is reversed and the cause remanded for a new trial.