**Danny WEBB, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–97–00081–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 24, 1999.

David Cunningham, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Justices YATES, FOWLER, and FROST.

## OPINION

WANDA McKEE FOWLER, Justice.

In seven points of error, Danny Webb challenges his conviction for sexual assault. Appellant claims error in the trial court's introduction of extraneous offenses and claims ineffective assistance of counsel. We affirm.

## Background

The complainant, a dancer at several topless nightclubs, had met appellant before the evening of the assault. On the occasion in question, the complainant and appellant met at Passions Cabaret, with the intention of visiting other topless nightclubs so that the complainant could seek employment at those clubs. After visiting other several clubs, the two stopped at appellant's house. The complainant claimed appellant grabbed her and forced her to engage in sexual intercourse. Appellant attempted to drive the complainant back to her car, but returned to his house, claiming to be too drunk to drive. The complainant called a taxicab. While waiting for the cab to arrive, the complainant testified appellant grabbed her again. She attempted to escape through the door, but appellant grabbed her, ripped out a handful of her hair, and began to choke her. Ultimately, the complainant escaped and was assisted by a passerby. Appellant contradicted the complainant's testimony and claimed the sexual intercourse was consensual. Appellant asserted the struggle occurred when he caught the complainant attempting to steal $3,500 from his pants.

Appellant was charged with aggravated sexual assault and the lesser included offense of sexual assault. The case was tried to a jury. During the trial, the State introduced evidence of two extraneous offenses. The jury found appellant guilty of sexual assault and assessed punishment at twenty years confinement and a $5,000 fine.

## Admission of Extraneous Offenses

In points of error one through three, appellant claims the trial court erred in allowing introduction of the extraneous offenses. Appellant first contends the State's notice of intent to use one of the extraneous offenses was insufficient. Appellant also asserts error in the admission of the extraneous offenses because they did not fit any of the exceptions under Tex.R. Evid. 404(b).

### 1. Notice of Intent to Offer Extraneous Offense Evidence

An accused may not be tried for collateral crimes or for being a criminal generally. *Rubio v. State,* 607 S.W.2d 498,

499 (Tex.Crim.App.1980). Thus, evidence of extraneous offenses is inadmissible to show conforming conduct. TEX.R. EVID. 404(b). However, evidence of other crimes may be admitted for other purposes, such as to show plan, motive, or absence of mistake or knowledge, provided the State gives notice, *upon timely request by the accused,* of its intent to introduce such evidence. TEX.R. EVID. 404(b).

■ Here, appellant did not ask the State to give notice of its intent to introduce extraneous offense evidence. Absent a request, the State was not required to give such notice. TEX.R. EVID. 404(b). We hold that, because appellant failed to request notice, he is precluded from complaining about the notice he received. *Cf. Espinosa v. State,* 853 S.W.2d 36, 38 (Tex. Crim.App.1993).

■ Furthermore, appellant did not object in the trial court of the State's alleged failure to give notice of its intent to introduce an extraneous offense. Appellant's only objection was that the evidence had not been shown admissible under TEX.R. EVID. 404(b). To preserve error for appeal, a defendant's objection on appeal must comport with its objection in the trial court. *See Knox v. State,* 934 S.W.2d 678, 687 (Tex.Crim.App.1996). Because appellant did not object to the extraneous offense evidence on the basis of lack of notice, appellant did not preserve this complaint for review. We overrule point of error one.

## 2. Admissibility of Extraneous Offenses

■ In points of error two and three, appellant argues that introduction of the extraneous offense evidence was error because the evidence did not fit any of the exceptions under Rule 404(b). Appellant claims the evidence was introduced to show propensity, which Rule 404(b) was expressly created to prevent.

■ Appellant contends the State offered the extraneous offense evidence to show "modus operandi" or one's distinctive manner of committing a crime. *See Owens v. State,* 827 S.W.2d 911, 914 (Tex. Crim.App.1992). Evidence showing modus operandi is admissible when it is relevant to a material fact in dispute, such as identity. *Id.* at 916. Evidence of system or modus operandi has no relevance, beyond propensity, when there is no contested issue of identity or other ground for admission listed in Rule 404(b). *Id.* Furthermore, when the State seeks to admit extraneous evidence under a theory of modus operandi, the State must show "the extraneous offense which was committed by the defendant was 'so nearly identical in method [to the charged offense] as to earmark them as the handiwork of the accused'." *Id.* at 915 (quoting *Collazo v. State,* 623 S.W.2d 647 (Tex.Crim.App. 1981)). Appellant contends there are differences between the charged offense and the extraneous offenses that render the extraneous offenses inadmissible.

■ The State responds that the extraneous offense evidence was not offered merely to show modus operandi, but was offered to rebut appellant's claim of consent. To be convicted of sexual assault, an accused must have engaged in the conduct intentionally and knowingly without the complainant's consent. *Rubio,* 607 S.W.2d at 501. When the defensive theory of consent is raised, a defendant necessarily disputes his intent to commit the act without the complainant's consent. *Id.* The State may then offer extraneous offenses which are relevant to that contested issue. *Id.*

When the trial court discussed the extraneous evidence outside the presence of the jury, the trial judge first suggested the evidence was offered on the basis of modus operandi and later stated: "I think the cases say motive, intent, design, identity and I would probably allow it." The State never articulated the basis upon which it was offering the evidence. After some discussion of the similarity between the

extraneous offenses and the charged offense, the court overruled appellant's objection and allowed the State to present evidence on the extraneous offense involving misdemeanor assault outside the presence of the jury. After this testimony was offered, the trial judge overruled appellant's motion to suppress the extraneous offense evidence and allowed the State to offer it to the jury.

This evidence of misdemeanor assault was offered in rebuttal. The appellant had already testified that he had consensual sexual relations with the complainant and that she was injured during a struggle after the appellant discovered she was attempting to steal his cash. Therefore, appellant raised the defensive theory of consent, which necessarily disputed his intent to commit the act with which he was charged. Based on appellant's testimony that the sexual intercourse was consensual, the extraneous offenses were relevant to the material issue of intent.

Turning to the similarity of the extraneous offenses to the charged offense, case law holds that an extremely high degree of similarity is not required where the contested material issue is intent, rather than identity. *Wiggins v. State,* 778 S.W.2d 877, 886 (Tex.App.—Dallas 1989, pet. ref'd). Nonetheless, there are a number of similarities between the extraneous offenses and the charged offense.

One of the extraneous offenses involved a topless dancer, who testified that she met appellant soon after she began working at a topless bar. Because she mentioned she was staying at a hotel, appellant suggested she stay in his extra bedroom. The complainant testified that, early in the evening, appellant was very nice, "very gentlemanly." She went to appellant's home that evening and had consensual sexual intercourse with him. The next evening she refused to have sexual intercourse. The complainant then testified there was a struggle and that appellant forced her to have sexual intercourse with him. She stated that appellant physically assaulted her, "put [her] in a headlock," and burned her with his cigarette. The complainant punched out the glass in appellant's front door and screamed for help. The police arrived sometime after that. Appellant told the police he was merely having a fight with his girlfriend.

The second extraneous offense also involved a topless dancer, and also occurred at appellant's home. The complainant testified that appellant was very nice, gave her a large tip, and suggested that she and her girlfriend could stay in his extra bedroom. She agreed to ride with appellant to his home later that evening, but testified that she thought her girlfriend was joining them. When her girlfriend did not arrive, the complainant and appellant had drinks and ingested cocaine. She testified that appellant began forcing her to kiss him and sit in his lap. Appellant suggested that she dance for him, which she did. The complainant refused to have sexual intercourse and asked appellant to call her a cab. Appellant and the complainant began to struggle and appellant forced her to perform oral sex. She testified that she dove through appellant's living room window to escape. Appellant followed her and began strangling her. The complainant managed to escape and a neighbor called the police.

The facts of the charged offense bear similarities to these extraneous offenses. All the complainants were topless dancers, all the complainants had met the appellant at a topless club, all of the assaults occurred in appellant's home, and all involved physical struggles and violence.

The trial judge's discretion in admitting an extraneous offense is to be given due deference. *Cantrell v. State,* 731 S.W.2d 84, 90 (Tex.Crim.App.1987)(en banc). After examining the record, we conclude there was no abuse of discretion. The extraneous offenses were relevant to the contested material issue of intent. We overrule points of error two and three.

## Ineffective Assistance of Counsel

In points of error four and five, appellant claims he was denied his right to effective assistance of counsel because his trial counsel did not, at the time of the admission of the extraneous offenses, request a limiting instruction on their use. In points of error six and seven, appellant complains that he was denied effective assistance of counsel by his trial counsel's failure to object under TEX.R. EVID. 403 to the introduction of the extraneous offenses.

To prevail on a claim of ineffective assistance, an appellant must prove by a preponderance of the evidence that: (1) his trial counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his trial counsel's errors, a different outcome would have resulted. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App.1996)(citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The review of counsel's representation is highly deferential and we must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *McFarland*, 928 S.W.2d at 500. Appellant bears the burden of overcoming that presumption. *Id.* Appellant must not only identify the acts or omissions allegedly constituting ineffective assistance and prove that these acts fall below the professional norm for reasonableness, but appellant must also affirmatively prove prejudice. *Id.* Appellant must prove that the errors, judged by the totality of the representation, rather than by isolated instances of error, denied him a fair trial. *Id.* It is not sufficient for appellant to show that the errors had some conceivable effect on the outcome of the proceedings. *Id.* Appellant must show a reasonable probability that, but for the errors of counsel, the fact finder would have had a reasonable doubt respecting guilt. *Id.* In making this determination, we consider the totality of the evidence before the jury. *Id.* The failure of appellant to make the required showing of deficient representation or sufficient prejudice defeats an ineffective assistance claim. *Id.*

### 1. Limiting Instruction

■ Appellant contends his trial attorney's failure to seek a limiting instruction at the time the extraneous offenses were admitted constituted ineffective assistance. In support of this contention, appellant cites *Rankin v. State*, 974 S.W.2d 707 (Tex.Crim.App.1996)(opinion withdrawn in part on other grounds on rehearing). *Rankin* addressed a trial court's refusal to give a limiting instruction that trial counsel had requested. *Id.* at 712–13. The court observed that a contemporaneous limiting instruction prevents the jury from contemplating evidence in an inappropriate manner. *Rankin*, 974 S.W.2d at 712. The Rules of Evidence provide for the restriction of evidence to its proper scope and for instructions to the jury regarding this restriction. TEX.R. EVID. 105(a). Even if a limiting instruction is given during the jury charge, as was done in this case, the Court of Criminal Appeals has found this to be a less effective application of Rule 105(a) "since it allows for the possibility that evidence will be used improperly in clear contravention to the purpose of the rule." *Id.* Although *Rankin* discusses the importance of a contemporaneous limiting instruction, it does not address whether the failure to request a limiting instruction constitutes ineffective assistance.

However, in *Ryan v. State*, 937 S.W.2d 93 (Tex.App.-Beaumont 1996, pet. ref'd), the court held that trial counsel was not necessarily deficient for not requesting a limiting instruction. The court cited *Abbott v. State*, 726 S.W.2d 644 (Tex.App.—Amarillo 1987, pet. ref'd), in which the Amarillo court held that "[a]lthough hindsight speculation may suggest a limiting instruction of some nature, it is reasonable

that, as a trial tactic, counsel did not wish to remind the jury of those matters." 937 S.W.2d at 104 (quoting *Abbott*, 726 S.W.2d at 649). The *Ryan* court reasoned that, with nothing in the record to explain trial counsel's reason for not requesting an instruction, the court could " only conclude his trial strategy may have been to not draw further attention to the extraneous offense." 937 S.W.2d at 104. *See also Garcia v. State*, 887 S.W.2d 862, 881 (Tex. Crim.App.1994) (holding that trial counsel's failure to request a limiting instruction did not constitute ineffective assistance because counsel did not want to draw more attention to the incriminating evidence).

Although we acknowledge the Court of Criminal Appeals holding that the best course of action is to request a contemporaneous limiting instruction, we cannot say based on this record that counsel's failure to do so rendered his representation of appellant unreasonably deficient. As the courts found in *Garcia* and *Abbott*, appellant's trial counsel may have purposely decided not to request a limiting instruction to prevent further attention being drawn to the extraneous offenses. In any event, appellant presents no argument that the failure to request a limiting instruction probably resulted in rendition of an improper judgment. Having offered no argument concerning prejudice, appellant has failed to meet his burden of proof on the claim of ineffective assistance of counsel. *See McFarland*, 928 S.W.2d at 500. We overrule points of error four and five.

### 2. Rule 403 Objection

■ Appellant also contends his trial counsel rendered ineffective assistance by failing to object to the extraneous offense evidence pursuant to Tex.R. Evid. 403. Appellant claims that this failure precluded the trial court from conducting a Rule 403 balancing test which "certainly would have found both extraneous offenses to be violative of Rule 403." Appellant further asserts that it was unnecessary to admit

the extraneous offenses because adequate evidence of appellant's intent had been introduced.

■ As we mentioned earlier in this opinion, the Court of Criminal Appeals has held that, when a defendant in a prosecution for sexual assault raises the defensive theory of consent, he places his intent in issue and the State may then offer extraneous offense evidence in rebuttal that is relevant to that contested issue. *Rubio*, 607 S.W.2d at 501. Where intent is a material issue and it is not inferable from the act itself, evidence of other acts probative of such intent is relevant and the trial court's decision to admit such evidence is proper. *Rankin*, 974 S.W.2d at 719. If appellant had not contested the issue of intent then the admission of extraneous offenses would have been unnecessary and prejudicial. *Id.* at 720. The extraneous offense evidence was highly probative of intent, however, because appellant testified that the sexual intercourse was consensual and thereby contested intent.

■ Rule 403 allows the admission of all relevant evidence unless the probative value is substantially outweighed by the danger of unfair prejudice. Tex.R. Evid. 403. Virtually all evidence proffered by a party to a lawsuit will be prejudicial to the opposing party. *Montgomery v. State*, 810 S.W.2d 372, 378 (Tex.Crim.App. 1990). Only "unfair" prejudice provides the basis for exclusion of relevant evidence. *Id.* "Unfair" prejudice is an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* (quoting Advisory Committee's note to Fed.R.Evid. 403).

The extraneous offense evidence was clearly prejudicial to appellant, but the trial court likely would have found that the probative nature of this evidence substantially outweighed its prejudicial effect even if counsel had raised a Rule 403 objection. The complainant testified the sexual intercourse was nonconsensual.

Appellant testified there was consent. Thus, the element of consent could not be readily inferred from uncontested direct evidence and the trial court could have determined that the probative nature of this evidence was necessary to rebut the appellant's defense of consent.[1] In retrospect, it would seem appellant's trial counsel should have raised a Rule 403 objection to the extraneous offense evidence; however, appellant has not shown that, but for any error on the part of his trial counsel in failing to raise this objection, the fact finder would have had a reasonable doubt respecting guilt. *See McFarland,* 928 S.W.2d at 500. Appellant merely states that the failure to object violated appellant's rights under the state and federal constitutions. We find that appellant has not established that his counsel's failure to raise a Rule 403 objection constituted ineffective assistance because he has not shown that this failure to object was prejudicial. We overrule points of error six and seven.

We affirm the trial court's judgment.

---

1. Appellant cites to *Zuliani v. State,* 903 S.W.2d 812 (Tex.App.—Austin 1995, pet. ref'd), *McGee v. State,* 725 S.W.2d 362 (Tex. App.—Austin 1987, no pet.), and *Escort v. State,* 713 S.W.2d 733 (Tex.App.—Corpus Christi Christi 1986, no pet.) for the proposition that the prejudicial effect of this evidence substantially outweighed its probative value. These cases are distinguishable. In *Zuliani,* unlike the instant case, the court found the prejudicial effect outweighed probative value because there was sufficient evidence of prior conduct toward the victim and circumstances surrounding the commission of the offense supporting a strong inference the appellant assaulted the two-year-old child. 903 S.W.2d at 827. In *McGee,* the court found the prejudicial effect of the extraneous offense evidence outweighed its probative value because there was adequate evidence of intent in that a witness testified the appellant was inside the building after the forced entry and without consent when it was not open to the public. 725 S.W.2d at 364–65. There was no other evidence of consent in the instant case aside from the contested testimony of the complainant. Finally, in *Escort,* the appellate court found the probative value of the extraneous offense evidence substantially outweighed its prejudicial effect given that four eyewitnesses had already testified about the events leading up to the alleged killing of the appellant's common-law husband, and one witness saw the knife in appellant's hand making stabbing motions toward the deceased. 713 S.W.2d at 736. The court found the prosecution had put on an overwhelming amount of evidence supporting the appellant's guilt and refuting the issue of self-defense. *Id.* at 737. The court found the extraneous offense evidence was "simply 'overkill'." *Id.* In the instant case, there was no such eyewitness testimony or overwhelming evidence of appellant's guilt.