Affirmed and Memorandum Opinion filed September 23, 2003















Affirmed and
Memorandum Opinion filed September 23, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00727-CR

____________

 

RALPH D. GILBERT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_______________________________________________________

 

On Appeal from
the 248th District Court

Harris County, Texas

Trial Court
Cause No. 871,084

 

_______________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant
Ralph D. Gilbert appeals his conviction for indecency with a child, arguing (1)
he received ineffective assistance of counsel at trial, and (2) he suffered
egregious harm because the trial court did not sua sponte include a limiting instruction on
extraneous-offense evidence in its charge to the jury.  We affirm.




 








I.  Factual and Procedural
Background

            Appellant pleaded not guilty to an
indictment charging him with indecency with a child alleged to have been committed against his half-sister when she
was ten years old.  A jury found
appellant guilty.  

            In the punishment phase of trial,
appellant pleaded true to two felony enhancements.  The jury received uncontroverted
evidence that appellant repeatedly raped two of his other half-sisters over a
span of at least three years, beginning when the girls were under the age of
eleven.  The jury assessed punishment at
life imprisonment in the Texas Department of Criminal Justice, Institutional
Division, and the trial court sentenced appellant accordingly.

II.  Issues
Presented

            Appellant presents the following
issues for appellate review:

            (1)       Was
appellant’s trial counsel ineffective during the guilt-innocence phase, because
she neither objected to evidence of an extraneous rape nor requested a limiting
instruction with respect to the jury’s consideration of this evidence?

            (2)       Did
the trial court have a duty to sua sponte include a limiting instruction regarding the
extraneous-rape testimony in the jury charge during the guilt-innocence phase?

 

                                               III.  Analysis and Discussion

A.        Did appellant’s trial
counsel render ineffective assistance?

            In his first issue, appellant argues
his trial counsel was ineffective because she did not object or request a
limiting instruction when, during the guilt-innocence phase, the complainant
testified that appellant raped her and her sister.  The complainant made this statement in a nonresponsive answer to a question from the prosecutor.

            Both the United
 States and Texas Constitutions guarantee
an accused the right to assistance of counsel.  U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim.
Proc. art. 1.05.  This right
necessarily includes the right to reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). 
To prove ineffective assistance of counsel, appellant must show that:
(1) trial counsel’s representation fell below an objective standard of
reasonableness, based on prevailing professional norms; and (2) the result of
the proceeding would have been different but for trial counsel’s deficient
performance.  Strickland, 466 U.S. at
688–92.  Moreover, appellant bears the
burden of proving his claims by a preponderance of the evidence.  Jackson v. State, 973
S.W.2d 954, 956 (Tex. Crim. App. 1998).  

            In assessing appellant’s claims, we
apply a strong presumption that trial counsel was competent.  Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999).  We presume counsel’s actions and decisions
were reasonably professional and were motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994).  Appellant has the burden to rebut this
presumption by presenting evidence illustrating why trial counsel did what she
did.  See id. 
An appellant cannot meet this burden if the evidence in the record does
not specifically focus on the reasons for trial counsel’s conduct.  See Osorio v. State, 994 S.W.2d
249, 253 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  When, as here, there is no proper evidentiary
record developed at a hearing on a motion for new trial, it is extremely
difficult to show that trial counsel’s performance was deficient.  See Gibbs v. State, 7 S.W.3d 175,
179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d).  If there is no hearing or if counsel does not
appear at the hearing, an affidavit from trial counsel becomes vital to the
success of most ineffective-assistance claims.  Stults
v. State, 23 S.W.3d 198, 209–10 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d). 

            Failure to object to admissible
evidence does not constitute ineffective assistance of counsel.  See Gosch v. State, 829 S.W.2d 775, 784
(Tex. Crim. App. 1991).  Therefore, before appellant can prevail on a
claim of ineffective assistance based on trial counsel’s failure to object,
appellant must show the trial court would have committed error in overruling
the objection.  See Vaughn v. State, 931 S.W.2d 564, 566
(Tex. Crim. App. 1996).  Appellant argues the extraneous-offense
evidence was inadmissible for any purpose, and therefore counsel’s failure to
object could not possibly have been reasonable trial strategy.  Appellant’s main argument is that the
extraneous offense was not admissible to prove intent under Texas Rule of
Evidence 404(b) because intent was not a contested issue in the case.  See Tex. R. Evid.  404(b); Johnson v. State, 932 S.W.2d 296, 301 (Tex. App.—Austin 1996, pet. ref’d) (cited by appellant).

            Evidence of an extraneous offense is
admissible upon a clear showing that: (1) the extraneous offense is probative
of an element of the offense charged; (2) the accused participated in the
extraneous offense; and (3) the relevance of the offense to a material issue
outweighs inflammatory or prejudicial potential.  See
Harrell v. State, 884 S.W.2d 154, 158 (Tex. Crim. App. 1994). 
Evidence of an extraneous offense is only admissible to show intent when
the intent required for conviction of the primary offense is a contested issue
in the case.  McGee v. State, 725 S.W.2d 362, 364
(Tex. App.—Houston [14th Dist.] 1987, no pet.).  Intent is a contested issue (1) if the
required intent cannot be inferred from the act itself; or (2) if the accused
presents evidence to rebut an inference that the required intent existed.  Id.  Intent is clearly in issue when the defense
argues that the charged offense was unintentional or the result of an
accident.  See Johnson v. State, 932 S.W.2d at 302.

            In this case, in order to obtain a
conviction for the charged offense — indecency with a child — the State was
required to prove appellant acted with intent to arouse or gratify the sexual
desire of any person.  See Tex.
Pen. Code § 21.11. 
Defense counsel argued and elicited testimony to show that appellant’s
actions were “horseplay” rather than indecency. Accordingly, we find intent was
in issue and the appellant’s rape of the complainant and her sister would tend
to show appellant acted with intent to arouse or gratify his own sexual
desire.  

            Once it is determined that
extraneous-offense evidence is relevant, the party opposing its admission must
object under Rule 403 that any probative value of the evidence is outweighed by
the danger of unfair prejudice.  See Tex.
R. Evid. 403;  Montgomery v. State, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh’g).  This standard favors the admission of
relevant evidence, and it is presumed that relevant evidence will be more
probative than prejudicial.  See Harrell, 884 S.W.2d at 161 n.14; Montgomery,
810 S.W.2d at 389.  In keeping with this
presumption, the trial court should favor admission of relevant evidence in
close cases, and a trial court’s ruling will be reversed only if it is an abuse
of discretion.  See Montgomery, 810
S.W.2d at 389, 392.  In determining
whether a trial court has abused its discretion in admitting evidence, we
measure the trial court’s ruling against the relevant criteria by which a Rule
403 decision is to be made.  See id. at 392.
 These criteria may include the
following:  

(1)       how compellingly the extraneous-offense evidence serves to
make a fact of consequence more or less probable — a factor that is related to
the strength of the evidence presented by the proponent to show the defendant
committed the extraneous offense; 

(2)       the potential, if any, of the evidence of the other offense
to impress the jury in some irrational but indelible way; and 

(3)       the
force of the proponent’s need for this evidence to prove a fact of consequence,
i.e., does the proponent have other probative evidence available to him to help
establish this fact? Is this fact related to an issue in dispute?

 

See Santellan
v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). 
Measuring the relevant criteria under an abuse-of-discretion
standard, we cannot say the trial court would have committed error if it had
overruled an objection by appellant’s counsel to the extraneous-offense
evidence.  See Vaughn v. State, 931 S.W.2d at 566; Santellan, 939
S.W.2d at 169 (finding extraneous-offense evidence of appellant’s abuse of
corpse admissible to help prove intent).

            Even assuming arguendo the extraneous-offense
evidence was inadmissible, trial counsel’s failure to object would not
necessarily amount to ineffective assistance in the absence of any evidence of
trial counsel’s strategy.  Failure to
object to inadmissible extraneous-offense evidence can constitute a plausible
trial strategy.  Heiman v. State, 923 S.W.2d
622, 626 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d).  In Heiman, the defendant was convicted of indecency with a
child committed against his own daughter. 
See id. at
623.  In Heiman, the appellant argued on
appeal that trial counsel was ineffective for failure to object to extraneous
evidence of (1) the accused’s injecting cocaine into
the complainant and himself at the time of the charged offense; and (2) the
complainant’s testimony of the accused’s extraneous
sexual acts toward the complainant.  Id. at 626.  The appellate
court found the extraneous-offense evidence inadmissible, but held it was
within the scope of plausible trial strategy because the record showed trial
counsel’s strategy was to challenge the complainant’s credibility.  Id. at 626–27.

            As in Heiman, the record before us
suggests that undermining the complainant’s credibility was a critical
component of trial counsel’s strategy. 
In cross-examining the complainant and making closing argument to the
jury, trial counsel emphasized inconsistencies in the complainant’s testimony,
asserted that the complainant had a motive to lie because appellant previously
had exercised disciplinary authority over the complainant, and suggested
appellant had really only engaged in innocent “horseplay” with the
complainant.  For these reasons, we
cannot conclude from the silent record before us that trial counsel’s failure
to object to the extraneous-offense evidence constituted ineffective assistance
of counsel.  Similarly, we will not
question the reasonableness of trial counsel’s strategy in not requesting a
limiting instruction regarding the extraneous offense.  See Ex parte Varelas, 45 S.W.3d 627,
632 (Tex. Crim. App. 2001) (reviewing court may not
speculate as to why trial counsel failed to request limiting instruction when
record is silent, even if court has difficulty understanding counsel’s
inaction).  Even if we could presume from
a silent record that trial counsel’s failure to object or obtain a limiting
instruction fell below an objective standard of reasonableness, appellant still
could not prevail on his ineffective assistance claim because under the second
prong of Strickland, appellant has not shown that the
outcome of his trial would have been different if trial counsel had objected or
requested a limiting instruction.  See Strickland, 466 U.S. at
688–92.  Accordingly, we overrule
appellant’s first issue.

B.        Did the trial court have a duty to sua sponte include a limiting instruction
regarding the extraneous-rape testimony in the jury charge during the
guilt-innocence phase?

 

            In his second issue, appellant
argues he suffered egregious harm during the guilt-innocence phase because the
trial court failed to sua sponte
provide a limiting instruction to the jury that it could consider the
extraneous rapes only if it found beyond a reasonable doubt that appellant
committed them.  In the punishment phase
of non-capital cases, a trial court is statutorily required, but not
constitutionally required, to instruct a jury sua sponte that it may not consider
extraneous-offense evidence unless it finds the extraneous offenses have been
proven beyond a reasonable doubt.  See Tex.
Code Crim. Proc. art. 37.07,
§ 3(a); Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).  Because this statutory duty does not apply to
the guilt-innocence phase of trial, the trial court did not err by failing to sua sponte
instruct the jury in this manner. 
Because the trial court did not commit error, we need not decide whether
the alleged error harmed appellant. 
Accordingly, we overrule appellant’s second issue.     

            Having overruled both of appellant’s
issues, we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment rendered and Opinion filed
September 23, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Frost.

Do Not Publish — Tex.
R. App. P. 47.2(b).