**Opinion filed August 2, 2012**



## In The

# Eleventh Court of Appeals

_____

## No. 11-11-00190-CR

_____

## ALFREDO CANTU, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR36131**

### M E M O R A N D U M   O P I N I O N

The jury convicted Alfredo Cantu of theft by deception.  The jury assessed appellant's punishment at confinement for a term of ten years and a fine of $10,000.  The trial court sentenced appellant accordingly.  The judgment reflects that the conviction was for theft by repetition instead of theft by deception.  We modify the judgment to reflect that appellant's conviction was for theft by deception.  We affirm the trial court's judgment, as modified.

In his sole issue, appellant contends that the trial court erred by admitting evidence of extraneous offenses because the State failed to give him notice of its intent to introduce such evidence as required by Rule 404(b) of the Texas Rules of Evidence. *See* TEX. R. EVID. 404(b). We review a trial court's decision to admit evidence under an abuse of discretion standard. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008); *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).

Extraneous offense evidence is not admissible during the guilt/innocence phase to prove that a defendant committed the charged offense in conformity with his bad character. Rule 404(b); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). However, if the evidence has relevance apart from character conformity, Rule 404(b) permits the admission of the evidence. Rule 404(b); *Devoe*, 354 S.W.3d at 469. Rule 404(b) provides that extraneous offense evidence may be admissible for purposes other than showing character conformity, "provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction."

The notice requirement in Rule 404(b) is a rule of evidence admissibility. *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005). Therefore, a trial court errs by admitting Rule 404(b) evidence if the State has not complied with the notice provision. *Id.* A defendant triggers the notice requirement by filing a motion for discovery requesting notice of Rule 404(b) extraneous offense evidence and obtaining a ruling from the trial court requiring the State to provide such notice. *Espinosa v. State*, 853 S.W.2d 36, 38–39 (Tex. Crim. App. 1993). Alternatively, a defendant triggers the notice requirement by filing a request for notice of intent to offer extraneous offenses that refers to the provisions of Rule 404(b). *Id.* at 38 n.3. In the absence of a timely request for notice by the defendant, the notice requirement in Rule 404(b) is not triggered, and the State has no obligation under Rule 404(b) to give the defendant notice of its intent to introduce extraneous offense evidence. *Espinosa*, 853 S.W.2d at 38–39; *Webb v. State*, 995 S.W.2d 295, 298 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

In this case, appellant did not request the State to give him notice of its intent to introduce extraneous offense evidence. Appellant did not file a motion requesting notice, obtain a court order requiring the State to provide notice, or file a request for notice of extraneous offense evidence. Because appellant failed to request notice of extraneous offense evidence, the State

was not required under Rule 404(b) to give him notice of its intent to introduce extraneous offense evidence. *Espinosa*, 853 S.W.2d at 39; *Webb*, 995 S.W.2d at 298. Therefore, the trial court did not abuse its discretion by admitting the extraneous offense evidence. Appellant's issue is overruled.

The judgment of the trial court is modified to reflect that appellant was convicted of theft by deception. In all other respects, the judgment is affirmed.


TERRY McCALL

JUSTICE


August 2, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1] John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.