Opinion filed August 2,
2012

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00190-CR 

                                                    __________

 

                                    ALFREDO
CANTU, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR36131 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Alfredo Cantu of theft by deception.  The jury assessed appellant’s
punishment at confinement for a term of ten years and a fine of $10,000.  The
trial court sentenced appellant accordingly.  The judgment reflects that the
conviction was for theft by repetition instead of theft by deception.  We
modify the judgment to reflect that appellant’s conviction was for theft by
deception.  We affirm the trial court’s judgment, as modified.

            In
his sole issue, appellant contends that the trial court erred by admitting
evidence of extraneous offenses because the State failed to give him notice of
its intent to introduce such evidence as required by Rule 404(b) of the Texas Rules
of Evidence.  See Tex. R. Evid.
404(b).  We review a trial court’s decision to admit evidence under an abuse of
discretion standard.  McCarty v. State, 257 S.W.3d 238, 239 (Tex. Crim.
App. 2008); McDonald v. State, 179 S.W.3d 571, 576 (Tex. Crim. App.
2005).   

            Extraneous
offense evidence is not admissible during the guilt/innocence phase to prove
that a defendant committed the charged offense in conformity with his bad
character. Rule 404(b); Devoe v. State, 354 S.W.3d 457, 469 (Tex.
Crim. App. 2011).  However, if the evidence has relevance apart from character
conformity, Rule 404(b) permits the admission of the evidence.  Rule 404(b); Devoe,
354 S.W.3d at 469.  Rule 404(b) provides that extraneous offense evidence may
be admissible for purposes other than showing character conformity, “provided
that upon timely request by the accused in a criminal case, reasonable notice
is given in advance of trial of intent to introduce in the State’s
case-in-chief such evidence other than that arising in the same transaction.”

            The
notice requirement in Rule 404(b) is a rule of evidence admissibility.  Hernandez
v. State, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005).  Therefore, a trial
court errs by admitting Rule 404(b) evidence if the State has not complied with
the notice provision.  Id.  A defendant triggers the notice requirement
by filing a motion for discovery requesting notice of Rule 404(b) extraneous
offense evidence and obtaining a ruling from the trial court requiring the
State to provide such notice.  Espinosa v. State, 853 S.W.2d 36, 38–39
(Tex. Crim. App. 1993).  Alternatively, a defendant triggers the notice
requirement by filing a request for notice of intent to offer extraneous
offenses that refers to the provisions of Rule 404(b).  Id. at 38 n.3. 
In the absence of a timely request for notice by the defendant, the notice
requirement in Rule 404(b) is not triggered, and the State has no obligation
under Rule 404(b) to give the defendant notice of its intent to introduce
extraneous offense evidence.  Espinosa, 853 S.W.2d at 38–39; Webb v.
State, 995 S.W.2d 295, 298 (Tex. App.—Houston [14th Dist.] 1999, no pet.). 


            In
this case, appellant did not request the State to give him notice of its intent
to introduce extraneous offense evidence.  Appellant did not file a motion
requesting notice, obtain a court order requiring the State to provide notice,
or file a request for notice of extraneous offense evidence.  Because appellant
failed to request notice of extraneous offense evidence, the State was not
required under Rule 404(b) to give him notice of its intent to introduce
extraneous offense evidence.  Espinosa, 853 S.W.2d at 39; Webb, 995
S.W.2d at 298.  Therefore, the trial court did not abuse its discretion by
admitting the extraneous offense evidence.  Appellant’s issue is overruled.

            The
judgment of the trial court is modified to reflect that appellant was convicted
of theft by deception.  In all other respects, the judgment is affirmed.  

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE 
        

                       

August 2, 2012                                               

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill, J.[1]

 









[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.