**Affirmed and Memorandum Opinion filed November 21, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00842-CR

---

**CESARIO H. RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 3
Fort Bend County, Texas
Trial Court Cause No. 10-CCR-152304**

---

### M E M O R A N D U M   O P I N I O N

Appellant Cesario H. Rodriguez challenges his misdemeanor conviction for indecent exposure, arguing in a single issue that the trial court erred in allowing the State to question him regarding his prior conviction for indecency with a child. We conclude that the trial court did not abuse its discretion in allowing this questioning, and we therefore affirm its judgment.

BACKGROUND

The complainant was walking toward her car in a shopping mall parking lot when she saw appellant standing between two cars. When she walked past appellant, he followed her to her car. When the complainant arrived at her car, she looked toward appellant and saw that "he was laughing, making gestures, sticking his tongue out really disgusting, had his pants pulled down, and playing with himself and laughing." The complainant testified that appellant's shorts were bunched around his ankles. The complainant told appellant what he was doing was illegal and she called 911. As she was dialing the phone, appellant ran away, pulling up his pants as he was running. Appellant got into his vehicle and drove away. The complainant followed appellant until police arrived and arrested him.

Appellant testified that as he was leaving the shopping mall, he saw the complainant, and "[c]hecked her out, kind of looked at her." In response, appellant testified that the complainant made a gesture toward him with her middle finger, which appellant described as the "bad finger." In response to the complainant's gesture, appellant "grabbed [his] crotch." Appellant testified that he never exposed himself.

On voir dire examination by the State, appellant testified that on October 26, 1983, he was at a shopping mall in Harlingen, Texas, when he saw a fifteen-year-old girl in the parking lot. The girl gave a statement to police in which she stated that appellant hissed at her in the parking lot and had his underwear and shorts down with his hand on his penis and "playing with it up and down." Appellant admitted that he was exposed in the parking lot, but claimed it was because he was urinating. Due to the age of the complainant in the prior case, appellant was arrested and convicted of indecency with a child.

Appellant objected to the admission of this testimony as irrelevant and

overly prejudicial in violation of Rules 403 and 404(b) of the Texas Rules of Evidence. The trial court overruled appellant's objections and permitted the jury to hear the testimony.

**ANALYSIS**

In a single issue, appellant contends the trial court erred in allowing the State to question appellant regarding his prior conviction for indecency with a child.[1] We review a trial court's decision to admit evidence concerning an extraneous offense for an abuse of discretion. *See Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). If the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009) A trial court's ruling is generally within this zone if the evidence shows that an extraneous offense is relevant to a material, non-propensity issue. *Id.* We "must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case." *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

## I. Evidence of other crimes may be admissible if it is relevant for other purposes apart from showing character conformity.

Rule 404(b) prohibits admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity with that character. Tex. R. Evid. 404(b). Specifically, the rule prohibits a two-part chain of inferences. The first inference is that the person who engaged in the crime, wrong or act possesses a certain character. Tex. R. Evid. 404(b). The second inference is that, because the person possesses this character, he or she acted in conformity

---

[1] On appeal, appellant does not challenge the trial court's ruling on his Rule 403 objection.

3

with it on a particular occasion. *Id.* When evidence relies exclusively upon this inferential chain for its relevance, Rule 404 renders it inadmissible. *See Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op. on reh'g).

In some cases, the prohibited inferences are so compelling and the alternative relevance so tenuous that admitting the evidence creates unfair prejudice that substantially outweighs its "non-character" probative value. *See Mozon v. State*, 991 S.W.2d 841, 846 (Tex. Crim. App. 1999). When this happens, if the defendant objects on those grounds, the trial court may exclude the evidence under Rule 403. *See id.* This case does not implicate such concerns, however, because although appellant made a Rule 403 objection at trial, he does not address Rule 403's balance of prejudice and relevance on appeal.

Therefore, the question before us is whether evidence of the prior conviction for indecent exposure had relevance apart from proving appellant's alleged bad character. Courts have recognized many alternative bases for admitting extraneous offense evidence. Generally speaking, a party may introduce such evidence where—without relying upon the prohibited inferences—it logically serves to make more probable or less probable an elemental fact, an evidentiary fact that inferentially leads to an elemental fact, or defensive evidence that undermines an elemental fact. *Montgomery*, 810 S.W.2d at 387. Thus, extraneous offense evidence may be admissible to establish a contested element of the prosecution such as motive, intent, or identity, or to rebut a defensive theory such as absence of mistake or accident. *See Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003).

## II. Evidence of appellant's extraneous offense was admissible to show intent.

For the extraneous act to be admitted, the State was required to show its

relevance to a fact of consequence contested in the case. *Rankin v. State*, 974 S.W.2d 707, 709 (Tex. Crim. App. 1996). Examining each part of this required showing, we conclude the State met its burden here.

Intent is a fact of consequence when the charging instrument requires the State to show beyond a reasonable doubt that a defendant committed an act with a specific intent. *Cantrell v. State*, 731 S.W.2d 84, 89 (Tex. Crim. App. 1987). In this case, the complaint required the State to prove beyond a reasonable doubt that appellant exposed part of his genitals with intent to arouse and gratify his or the complainant's sexual desire, and that he did so recklessly and in conscious disregard of whether another person was present who would be offended and alarmed by such act. *See* Tex. Penal Code § 21.08. Thus, appellant's intent to expose himself with the intent to arouse and gratify sexual desire was a fact of consequence.

Intent is contested if the intent required for the primary offense cannot be inferred from the act itself, or if the accused presents evidence to rebut the inference that the required intent existed. *McGee v. State*, 725 S.W.2d 362, 364 (Tex. App.—Houston [14th Dist.] 1987, no pet.). Intent is most clearly in issue when the defendant argues that the charged offense was unintentional or the result of an accident. *Keller v. State*, 818 S.W.2d 425 428–29 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd). When a defendant claims his act was free from criminal intent, extraneous offenses are relevant to prove guilty intent. *Plante v. State*, 692 S.W.2d 487, 491–92 (Tex. Crim. App. 1985); *see also Montgomery*, 810 S.W.2d at 387–88 (holding extraneous act is relevant if it serves to make an elemental fact more or less probable).

At trial, appellant testified that he "grabbed his crotch" but did not expose himself. He argued that the complainant was mistaken about what she saw and had

5

embellished her version of the facts. Thus, appellant placed his intent to commit the offense at issue.

"Before an extraneous offense is admissible to negate the possibility of accident . . . , such offense must be sufficiently similar in nature to the charged offense that the inference of improbability of accident logically comes into play." *Cantrell v. State*, 731 S.W.2d at 90 (*quoting Morgan v. State*, 692 S.W.2d 877, 881 (Tex. Crim. App. 1985)). The degree of similarity required in cases where intent is the material issue, however, is not so great as in cases where identity is the material issue and extraneous offenses are offered to prove modus operandi. *Id.*

In this case, the mode of committing the offenses and the circumstances surrounding the offenses are sufficiently similar for the extraneous offense to be relevant to intent. The primary and extraneous offenses were similar in that: (1) both offenses occurred in a shopping mall parking lot; (2) appellant attracted the complainants' attention; (3) appellant's pants were pulled down around his ankles; and (4) appellant claimed he was committing an innocent act rather than exposing himself with intent to gratify his or the complainants' sexual desire. Because the circumstances surrounding the earlier offense made it more probable that, in this case, appellant exposed himself with intent to arouse his or the complainant's sexual desire, the trial court did not abuse its discretion in concluding that evidence of the earlier offense was relevant and admissible pursuant to Rule 404(b).

Appellant alternatively argues that the trial court did not follow the factors set out in *Theus v. State*, 845 S.W.2d 874 (Tex. Crim. App. 1992). The court in *Theus* addressed admission of extraneous offense evidence as impeachment under Texas Rule of Evidence 609. Because we have found the evidence admissible under Rule 404(b), we need not address its admissibility as impeachment evidence. *See Willover*, 70 S.W.3d at 845. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.


/s/    J. Brett Busby
       Justice


Panel consists of Justices McCally, Busby, and Donovan.

Do Not Publish — TEX. R. APP. P. 47.2(b).