**Affirmed and Memorandum Opinion filed June 4, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00168-CR

---

## LOUIS CHARLES KIRK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1342735**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Louis Charles Kirk of aggravated assault of a family member. Appellant pled true to an enhancement paragraph and the jury sentenced him to confinement for six years in the Texas Department of Criminal Justice, Institutional Division. Appellant filed a timely notice of appeal. In his sole issue on appeal, appellant claims he received ineffective assistance of counsel. We affirm.

## STANDARD OF REVIEW

We examine claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, appellant must prove that his trial counsel's representation was deficient, and that the deficient performance was so serious that it deprived him of a fair trial. *Id*. at 687, 104 S.Ct. 2052. Counsel's representation is deficient if it falls below an objective standard of reasonableness. *Id*. at 688, 104 S.Ct. 2052. This deficiency will only deprive appellant of a fair trial when counsel's performance prejudices appellant's defense. *Id*. at 691–92, 104 S.Ct. 2052. To demonstrate prejudice, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. 2052. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id*. at 697, 104 S.Ct. 2052. This test is applied to claims arising under both the United States and Texas Constitutions. *See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986).

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the appellant is unable to meet the first prong of the *Strickland*

test because the record on direct appeal is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[I]solated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), overruled on other grounds by *Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994). Moreover, "[i]t is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata*, 226 S.W.3d at 430. Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *See Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

### THE TESTIMONY

Appellant claims that he received ineffective assistance when defense counsel failed to request an instruction to disregard hearsay testimony and failed to object to opinion testimony during the State's questioning of Officer Joseph Lemelle. The record reflects Lemelle testified as follows:

> Q.   Now, upon your first contact with [the complainant] and you took these photos, what else did you talk to her about?
>
> A.   Well, I discussed what kind of relationship she had with the

defendant, Mr. Kirk. She informed me that they were married. Been married two years. They have a daughter together. At that time the baby was, I believe 18 months. She said that – she informed me that this wasn't the first time it happened. This was the first time that she reported it. But she state that she was in fear for her life. She was scared that he would –

[Defense counsel] Your Honor, I'm going to object at this point for hearsay at this point.

THE COURT:     Objection sustained.

Defense counsel did not request the trial court to instruct the jury to disregard. Appellant argues the answer was hearsay and violated defense counsel's motion in limine against any testimony regarding appellant's previous felony convictions and any extraneous offenses.

Subsequently, the following exchange occurred during Lemelle's testimony:

Q.     And did that interview, did you take into consideration everything the Defendant was telling you?

A.     Yes, Ma'am.

Q.     And did that change your opinion of what happened in this case?

A.     No, ma'am, not at all.

Q.     And what was your opinion of what happened in this case?

A.     I didn't believe anything Mr. Kirk was telling me. I'm sorry he – actually – he wanted to – he acted like he wanted to talk to me, but he really just wanted to know how much I knew about the case. He made up stories about -

Q.     Okay. Now, did that – what was your opinion? Looking at the big picture of this case, what was your opinion of what occurred that day?

A.     In my opinion, Mr. Kirk and [the complainant] got into an altercation inside of the apartment. Got into a heated argument. Mr. Kirk assaulted [the complainant] inside of the bedroom while other people were inside of the apartment but in a separate room. They also

4

had her daughter inside of the apartment.

> [Defense counsel]: Your Honor, a lot of this – I'm going to have to object. A lot of this comes from hearsay, and I would object to it in regard to that hearsay.

> THE COURT: Objection is sustained.

Appellant complains of defense counsel's failure to request an instruction to the jury to disregard the State's questions and Lemelle's answers.

> Q. In your opinion, did this defendant assault [the complainant]?
>
> A. Yes, ma'am.

Appellant argues defense counsel should have objected to this testimony because it was impermissible bolstering of the complainant's testimony.

### ANALYSIS

The record does not reveal counsel's reasons for failing to request an instruction to disregard after his objections to hearsay were sustained or failing to object to Lemelle's testimony on other grounds. Appellant did not move for a new trial, and his defense counsel did not file an affidavit.

The record is silent with regard to defense counsel's reasons for not making an objection or requesting an instruction to disregard. On such a record, we cannot determine that counsel provided ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Here, we cannot conclude that no competent attorney would have acted as appellant's counsel did, because there may be strategic reasons for his decisions. For example, defense counsel may have strategically determined that the likelihood of success, and its potential benefits, was outweighed by the potential of drawing further attention to the testimony. *See Webb v. State*, 995 S.W.2d 295, 301 (Tex. App.— Houston [14th Dist.] 1999, no pet.); *Duren v. State*, 87 S.W.3d 719, 734 (Tex.—

5

App.—Texarkana 2002, pet. struck). Thus, because the record does not compel a conclusion that counsel was ineffective, appellant has failed to rebut the presumption of effective representation. *See Perez v. State*, 56 S.W.3d 727, 731–32 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

We overrule appellant's issue and affirm the trial court's judgment

/s/     Tracy Christopher
Justice

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

6