The STATE of Texas, Appellant,

v.

Juan Jose BALDERAS, Appellee.

No. 01–95–00486–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 18, 1996.

Travis L. McDonald, Jr., Waller, for Appellant.

Albert M. McCaig, Jr., Waller, for Appellee.

Before COHEN, HEDGES and TAFT, JJ.

## OPINION

TAFT, Justice.

Appellee, Juan Jose Balderas, was convicted of aggravated sexual assault of a child. The jury assessed punishment at 40–years confinement. Appellee moved for a new trial, and the trial court granted the motion. The State appeals.

We vacate and remand.

### Summary of Facts

Appellee went to the Hempstead Police Department and made a voluntary confession. Appellee stated that the reason he was confessing was because his common-law wife, Mary Contreras, told him that her mother, Agnes Herrera Figueroa, and Contreras's 13–year–old daughter, A.C., were probably going to file a complaint against him for molesting A.C.

In his confession, appellee stated that his molestation of A.C. began in 1988 or 1989, but that he could not remember exactly when or how it started. He had sexual contact with A.C. five to 10 times. The last time he fondled A.C. was last year (meaning 1993). On that occasion, appellee got on top of A.C. and fondled her breasts and vagina, then got off her because a car pulled up at the house.

Agnes Figueroa testified that A.C. told her that appellee "put his fingers between [her] legs in [her] privacy." A.C. also told her grandmother that on one occasion appellee pulled her clothes off and got on top of her.

Officer Linda West took A.C.'s statement. A.C. told her that appellee had asked A.C. if she sucked genitals. A.C. also told Officer West that appellee had sucked her breasts and put her on top of him and that he placed his finger inside her vagina. In addition, A.C.'s testimony confirmed the substance of appellee's confession, the officer's testimony, and her grandmother's testimony.

### Motion for New Trial—Timely Presentation

In its first point of error, the State contends that the trial court erred by granting appellee's motion for new trial because appellee did not timely present the motion for new trial to the court. The State argues that Texas Rule of Appellate Procedure 31(c)(1) requires a timely presentment before the trial court can hold a hearing and grant or deny the motion. We agree. However, read in its *entirety*, rule 31(c)(1) provides:

An accused shall present his motion for new trial to the court within ten days after filing it, unless in his discretion the trial judge permits it to be presented and heard within 75 days from after [sic] date sentence is imposed or suspended in open court.

Under the rule, the trial court has the discretion to allow a motion for new trial to be presented within 75 days after the date sentence is imposed. Sentence was imposed on January 12, 1995. The motion for new trial was filed January 27, 1995, and heard on March 9, 1995. March 9, 1995, is a date within 75 days of January 12, 1995. Thus, the trial court had the discretion to allow the motion for new trial to be presented on March 9.

The State does not argue that the trial judge's decision to allow the motion for new trial to be presented on March 9 was an abuse of the discretion vested in him by rule 31(c)(1). We can see no reason why it would be.

We overrule the State's first point of error.

### Grant of Motion for New Trial— Abuse of Discretion

In its second point of error, the State contends that the trial court erred in grant-ing appellee's motion for new trial. The standard of review on this issue is whether the trial court abused its discretion in granting the motion. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim.App.1993); *State v. Lyons,* 812 S.W.2d 336, 341 (Tex.Crim. App.1991). "[O]nly when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree" will the decision be reversed. *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App.1992).

In his motion for new trial, appellee brought 11 points that he claimed were a basis for granting a new trial. These are discussed (in groups) below.

### 1. Newly Discovered Evidence

In order to obtain a new trial because of newly discovered evidence, a defendant must show that: (1) the newly discovered evidence was unknown to him at the time of trial; (2) his failure to discover the evidence was not due to his want of due diligence; (3) the evidence would probably bring about a different result in another trial; and (4) the evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching. *Drew v. State,* 743 S.W.2d 207, 226 (Tex.Crim.App.1987); *Tate v. State,* 834 S.W.2d 566, 570 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

Appellee alleges that a witness, Tony Contreras, would testify that a person other than appellee committed the offense. However, appellee has failed to meet his burden of proof. First, appellee has not shown why this evidence was not discovered before trial. The affidavit suggests that Tony Contreras was present in the courtroom during A.C.'s testimony. Appellee did not state in the motion for new trial that the witness was unknown or unavailable at trial. Second, the motion did not contain an affidavit from trial counsel and trial counsel did not testify at the hearing that he used due diligence to obtain this evidence. Third, the motion did not state that this evidence would bring about a different result in a new trial. The

affidavit does not claim that another person committed the offense. Lastly, the evidence is inadmissible because it is merely impeaching, which renders it insufficient as newly discovered evidence. *See Tate,* 834 S.W.2d at 570. Moreover, the affidavit merely claims that A.C. may have had sexual relations with someone else, which is not relevant.

■ Appellee also argues that new evidence has been obtained from the Texas Department of Health and the Public Health Clinic of Belleville, Texas. However, there is no evidence regarding any information from these places. If the motion is not supported by a prior affidavit or evidence at the hearing on the motion for new trial, then it is not enough to support a new trial. *See Mandujano v. State,* 799 S.W.2d 318, 321 (Tex. App.—Houston [1st Dist.] 1990, no pet.). Furthermore, appellee again fails to meet the four elements required to obtain a new trial for discovery of new evidence. For the trial court to have granted the motion for new trial on this ground would have been an abuse of discretion.

### 2. Dismissal of Disabled Juror

Texas Code of Criminal Procedure article 36.29(a) provides in part:

> Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman.... [H]owever, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict....

TEX.CODE CRIM.P.ANN. art. 36.29(a) (Vernon Supp.1996).

■ Absent abuse of discretion, no reversible error will be found for determining when a juror becomes disabled. *Bass v. State,* 622 S.W.2d 101, 106–07 (Tex.Crim.App.1981). However, the trial court's power to discharge a juror for a disability is limited to when

there exists some physical illness, mental condition, or emotional state which hinders the juror's ability to perform his duty. *Landrum v. State,* 788 S.W.2d 577, 579 (Tex. Crim.App.1990).

■ In this case, the trial court found that juror Thomas was disabled due to medical problems (surgery). This conclusion is supported by the record. After the jury was sworn, Thomas advised the court that he was scheduled to visit the doctor and might need back surgery. The trial court told Thomas that it was very important for him to be at the trial and asked if he could reschedule the operation. Thomas informed the court that he had already postponed the operation once and gave no indication that he was trying to avoid jury duty. In the hearing on the dismissal of the juror, the trial court called the deputy clerk, Pat Spadachene, to the stand. The court asked her if she had received a phone call from Thomas. She replied, "[Y]es" and stated that he was going to have back surgery that morning. The trial judge then asked if either attorney had any questions for Mrs. Spadachene and both attorneys said, "[N]o." Over appellee's objection, the trial court decided to proceed with 11 jurors under article 36.29.

■ Appellee also argued to the trial court that it should have granted appellee's motion for new trial because the court should not have overruled appellee's motion for continuance when the jury lost a member. However, appellee failed to move for a continuance, only objecting to the trial court's finding that Thomas was disabled. Furthermore, the trial court found that Thomas was disabled and properly proceeded with 11 jurors; therefore, no continuance was necessary.

For the trial judge to have granted the motion for new trial on this ground would have been an abuse of discretion.

### 3. Insufficiency of Evidence

■ The standard of review is whether, viewing all the evidence in the light most favorable to the verdict, any rational jury

could have found the elements of the crime beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989).

Appellee complained to the trial court in the motion for new trial that the evidence did not prove that he was guilty of aggravated sexual assault of a child, but, if guilty, it was only of indecency with a child. However, the evidence confirming the jury verdict is overwhelming. To meet the elements of aggravated sexual assault of a child, the State was required to prove that the appellee penetrated the female sexual organ of the child by any means. Appellee argues that he did not confess to penetration. Nevertheless, A.C. testified the appellee inserted his finger into her vagina. Further, testimony from Agnes Figueroa and Officer West confirmed A.C.'s testimony. The trier of fact, the jury, can choose to believe or disbelieve witnesses, any portion of their testimony or the weight to be given to it, and may believe a witness, even though he is contradicted. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986). The jury exercised this right and had sufficient evidence to make its decision. For the trial court to have granted the motion for new trial on this ground would have been an abuse of discretion.

### 4. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a defendant must show that (1) counsel made errors so serious that he was not functioning at the level guaranteed by the sixth amendment,[1] and (2) the errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Craig v. State,* 825 S.W.2d 128, 129 (Tex. Crim.App.1992).

Appellee argues that his attorney was ineffective because he did not raise objections to hearsay. However, appellee fails to state specifically what objections could or should have been raised. *See Burnett v. State,* 784 S.W.2d 510, 513 (Tex.App.—Dallas 1990, pet. ref'd). Therefore, the State cannot respond, nor the Court rule.

Second, appellee argues that his attorney failed to preserve error in a *Batson*[2] hearing. A *Batson* complaint concerns a particular jury panel member being peremptorily struck on account of race. *Satterwhite v. State,* 858 S.W.2d 412, 423 (Tex.Crim.App. 1993); *see also* TEX.CODE CRIM.P.ANN. art. 35.261 (Vernon 1989). Trial counsel did not make a *Batson* complaint. However, during the hearing he challenged the array. *See* TEX.CODE CRIM.P.ANN. art. 35.07 (Vernon 1989). Despite the confusion on the type of objection made, the record does not indicate that there was a purpose for such an objection (array or *Batson*) or that not objecting was prejudicial. Therefore, the *Strickland* standard was not met.

Lastly, appellee argues that his attorney was ineffective because he did not object to the confession coming into evidence. Judging by the statement of facts, the admission of appellee's confession was probably part of his attorney's strategy. In his confession, appellee did not admit to penetration, an element of aggravated sexual assault of a child. Appellee's attorney—using appellee's confession as evidence of what appellee *literally* did to his step-daughter—attempted to convince the jury that the confession *supported* appellee's assertion that he was innocent of the offense charged, because the confession contained nothing about penetration. Therefore, reasoned appellee's attorney, appellee was not guilty of aggravated sexual assault of a child, but was instead guilty of only indecency with a child. Appellee's attorney went so far as to tell the jury that "Mr. Balderas [was] guilty of the offense of indecency with a child, by his own statement."

---

1. U.S. Const.amend. VI.

2. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

That a trial strategy does not work does not mean that trial counsel was ineffective. Trial counsel must be allowed to take calculated risks in defending clients. *Tompkins v. State,* 869 S.W.2d 637, 642 (Tex. App.—Eastland), *pet. dism'd, improvidently granted,* 888 S.W.2d 825 (Tex.Crim.App. 1994).

The appellee has the burden to prove by a preponderance of the evidence that counsel's representation fell below the standard of prevailing professional norms, and that the outcome of the trial would have been different had he not fallen below the standard. *Garcia v. State,* 887 S.W.2d 862, 880 (Tex.Crim.App.1994). The appellee has not met that burden. For the trial court to have granted the motion for new trial on this ground would have been an abuse of discretion.

### 5. Admission of Confession

Appellee also argued to the trial court that it should grant appellee a new trial because the court should not have admitted appellee's confession. It is clear that there was no error in admitting the confession. The confession conforms to all the elements of article 38.22 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.P.ANN. art. 38.22 (Vernon Supp.1996). It was apparent from Officer Trevino's testimony that he gave appellee his statutory warnings and that appellee understood those rights and so indicated by initialing each right on his written statement.

Appellee also argued to the trial court that the confession constituted bolstering of the testimony of the witnesses for the State. Bolstering is generally a hearsay objection used when a party improperly offers evidence to support an unimpeached witness or to add credence or weight to earlier-introduced evidence. *Anderson v. State,* 717 S.W.2d 622, 630 (Tex.Crim.App.1986). A confession otherwise admissible is not inadmissible merely because it bolsters the testimony of other witnesses. *Crossman v. State,* 797 S.W.2d 321, 324 (Tex.App.—Corpus Christi 1990, no pet.).

In this case, the confession was direct evidence of the identity of appellee and of one of the offenses set out in the jury charge. *See* TEX.R.CRIM.EVID. 801(e)(2). For the trial judge to have granted the motion for new trial on this ground would have been an abuse of discretion.

### 6. Inadequate Time to Read Jury Charge

Appellee also argued to the trial court that it should grant appellee a new trial because appellee's attorney did not receive adequate time to read the jury charge. In order to preserve error, an objection must be raised at the first opportunity. *Jacobs v. State,* 787 S.W.2d 397, 406 (Tex.Crim.App. 1990). Appellee made no contemporaneous objection below that his attorney did not have enough time to read the charge. Therefore, appellee waived any error. For the trial court to have granted the motion for new trial on this ground would have been an abuse of discretion.

### 7. Summary

Because we are bound to look at any evidence presented in a motion for new trial hearing in the light most favorable to the trial court's ruling, rarely will such a ruling be reversed. However, in the present case nothing introduced at the hearing for new trial was sufficient to support appellee's allegations that a new trial should be granted.

Accordingly, we sustain the State's second point of error. We vacate the trial court's order granting a new trial and remand the cause for proceedings consistent with this opinion.