Affirmed and Memorandum Opinion filed May 8, 2008








Affirmed and Memorandum Opinion filed May 8, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01043-CR,

NO. 14-06-01044-CR

____________

 

JAMES EARNEST BYARS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause Nos. 1086250,
1033939

 



 

M E M O R A N D U M   O P I N I O N

Appellant James Earnest Byars challenges his conviction on
two counts of aggravated sexual assault of a child.  In six issues, appellant
claims that his trial counsel provided ineffective assistance by (1)
introducing evidence of an extraneous offense, (2) failing to request a
limiting instruction, (3) failing to request designation of the proper outcry
witness, and (4) failing to object to inadmissible hearsay testimony.  We
affirm.








I.  Factual and Procedural Background

Appellant is married to Agatha Byars, and they have two
daughters, Amanda and Patricia.  Patricia is the step-mother of the
complainant, D.B.  Appellant is D.B.=s
step-grandfather.

On the evening of July 9, 2005, Amanda arrived at appellant=s house.  Upon
walking into the living room, she saw D.B., age twelve, sitting in appellant=s lap.  Appellant
was open-mouth kissing D.B.  Shocked, Amanda went to her room, then went back
out to the front porch where she talked to her boyfriend on her cell phone. 
Amanda later told the police that through a window she could see appellant
leaning back in the recliner and D.B. kneeling in front of appellant.  Amanda
said she saw D.B. moving her head up and down with appellant=s penis in her
mouth.  Amanda also told the police that she later took D.B. aside and asked
D.B. whether she and appellant were open-mouth kissing and whether D.B. had
appellant=s penis in her mouth.  D.B. answered yes to both
questions.








The next day, Amanda picked up D.B. and took her out to
lunch.  Amanda arranged for Harris County Sheriff Deputy Nick Parojcic to meet
Amanda and D.B. at the restaurant.  Deputy Parojcic spoke briefly with Amanda
and D.B.  Specifically, Deputy Parojcic asked D.B. if she knew why Parojcic was
there.  D.B. answered it was about her APoppa@ (appellant)
touching her in Abad places.@  Deputy Parojcic
asked whether D.B. had ever told appellant not to touch her there.  D.B.
replied she had not because if she did, appellant would not give her a gift. 
The following day, Amanda took D.B. to the Children=s Assessment
Center (CAC), where forensic interviewer Lisa Holcomb interviewed D.B. regarding
the sexual assault.  That same day, Amanda gave a voluntary statement to
Detective Mark Morgan.  Appellant also came to the CAC and gave a voluntary
statement to Detective Morgan in which he admitted that in October of 2004, in
response to sexual advances by D.B., he licked D.B.=s vagina, French
kissed her, and rubbed his hand against her vagina.  Appellant also admitted
that when Amanda was six years old, appellant had showed his penis to Amanda
and another little girl while the children swam naked in the backyard swimming
pool.  

The State gave advance notice to appellant that it intended
to offer D.B.=s outcry statements through testimony by Amanda,
Deputy Parojcic, and Holcomb.  During opening argument, the prosecutor named
Holcomb as the outcry witness.  At trial Amanda testified to the events she had
witnessed on July 9, 2005 but not to anything D.B. said.  Holcomb testified
D.B. told her appellant started Amolesting@ her when she was
eleven years old and that she let him because otherwise he would not buy her
gifts she really wanted.  Holcomb further testified D.B. said appellant licked
her Aprivate,@ French kissed
her, stuck his fingers down her panties, rubbed her Aprivate with his
finger,@ made her put his
penis in her mouth, and made her masturbate him.  Holcomb also testified that
D.B. described a conversation between Amanda and D.B.=s grandmother
where Amanda talked to D.B.=s grandmother about seeing D.B. molested
and wanting to call the police but her grandmother refusing. 

A jury convicted appellant of intentionally and knowingly
causing the sexual organ of a child under fourteen to contact appellant=s mouth and of
intentionally and knowingly causing the mouth of a child under the age of
fourteen to contact appellant=s sexual organ. Appellant was sentenced to
a term of life imprisonment in the Texas Department of Criminal Justice.  On
appeal, appellant claims he received ineffective assistance of counsel.  In his
first issue, appellant claims counsel performed deficiently by introducing
evidence of appellant=s extraneous sexual offenses and by
failing to request a limiting instruction on the use of such evidence.  In his
second issue, Appellant asserts counsel was ineffective because he did not ask
the trial court to determine the proper outcry witness to D.B.=s statements.  In
issues three through six, appellant claims counsel compromised his Sixth
Amendment right to confrontation by failing to object to inadmissible hearsay
testimony.

II.  Standard of Review








Ineffective assistance of counsel claims are governed by
the two-pronged test announced in Strickland v. Washington, 466 U.S. 668
(1984).  We apply the Strickland test when reviewing allegations of
ineffective assistance during non-capital punishment proceedings.  Gholson
v. State, 5 S.W.3d 266, 272B73 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d).  To prove ineffective assistance,
appellant must demonstrate by a preponderance of the evidence that counsel=s representation
fell below the standard of prevailing professional norms and a reasonable
probability that the result of the proceeding would have been different but for
trial counsel=s deficient performance.  Strickland, 466 U.S.
at 687B96; Salinas v.
State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  A Strickland claim
must be firmly founded in the record, and the record must affirmatively
demonstrate the meritorious nature of the claim.  Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  Direct appeal is usually an
inadequate vehicle for raising such a claim because the record is generally
undeveloped.  Id.  AThis is true with regard to the question
of deficient performanceCin which counsel=s conduct is
reviewed with great deference, without the distorting effects of hindsightCwhere counsel=s reasons for
failing to do something do not appear in the record.@  Id. (footnotes
omitted).  Absent an opportunity for a trial attorney to explain his actions,
an appellate court should not find deficient performance unless the challenged
conduct was so outrageous that no competent attorney would have engaged in it.  Id.


III.  Analysis

A.  Extraneous Offense Evidence








Patricia Broussard, appellant=s daughter and
D.B.=s step-mother,
testified for the defense.  During direct examination, appellant=s counsel sought
to introduce Patricia=s written statement, taken by Detective
Morgan, in which she described instances from her childhood when appellant
sexually assaulted her.  Before admitting the statement, the trial court questioned
counsel regarding his strategy in introducing this facially damaging evidence. 
The court pointed out that if the defense chose not to introduce the statement,
the jury would never know it existed.  Counsel replied that Detective Morgan
had taken both Patricia=s and Amanda=s statements, as
well as appellant=s confession, and that Patricia would
testify that not all of the statement was correct.  Counsel explained that he
intended to use Patricia=s testimony regarding the inaccuracy of
the statement to cast doubt on other statements taken by Detective Morgan and
to put a Apattern of a lack of veracity before the jury.@  The court
admitted Patricia=s statement into evidence; counsel did not
request a contemporaneous limiting instruction regarding the jury=s use of the
evidence.  Counsel succeeded in eliciting a general assertion from Patricia
that not all of the statement was correct.  On cross-examination the State read
the entire statement aloud to the jury.

Appellant argues counsel performed deficiently by
introducing the statement and by failing to elicit testimony from Patricia as
to the specific portions of the statement that were untrue.  Appellant claims
this action did not advance any defensive theory.  However, the record
indicates that counsel articulated to the judge the reasonable trial strategy
of discrediting a key witness for the State and attempted to carry out this
strategy in a reasonable manner.  See Strickland, 466 U.S. at 689;
Josey v. State, 97 S.W.3d 687, 696 (Tex. App.CTexarkana 2003, no
pet.) (attempt to discredit State=s primary witness,
which resulted in opening door to admission of extraneous offense evidence, was
not improper trial strategy).  Moreover, trial counsel must be allowed to take
calculated risks in defending clients, and simply because a trial strategy did
not work does not mean counsel performed deficiently.  See State v. Balderas,
915 S.W.2d 913, 918B19 (Tex. App.CHouston [1st
Dist.] 1996, pet. ref=d) (counsel was not ineffective when
strategy of using appellant=s confession to convince jury to convict
on lesser offense failed).  Because the record clearly reflects that counsel=s decision to
introduce the statement was motivated by a reasonable trial strategy, we do not
find the above conduct so outrageous that no competent attorney would have
engaged in it. 








Appellant further argues that trial counsel=s failure to
request a contemporaneous limiting instruction[1]
harmed him because the jury could have convicted based on the assumption that
appellant was acting in conformity with a criminal character.  While the
failure to request a limiting instruction is troubling, the record does not
reveal counsel=s rationale in not requesting the instruction, and
consequently appellant has failed to rebut the presumption that counsel=s inaction was the
result of sound trial strategy.  Counsel may have strategically chosen not to
request a limiting instruction in order to avoid reminding the jury of the
incriminating evidence.  See, e.g., Garcia v. State, 887 S.W.2d
862, 881 (Tex. Crim. App. 1994) (holding that failure to request limiting
instruction was strategically valid decision to avoid calling further attention
to extraneous acts); Webb v. State, 995 S.W.2d 295, 301 (Tex. App.CHouston [14th
Dist.] 1999, no pet.) (concluding that although Athe best course of
action is to request a contemporaneous limiting instruction . . . . trial
counsel may have purposely decided not to request a limiting instruction to
prevent further attention being drawn to the extraneous offenses@); see also
Delgado v. State, 235 S.W.3d 244, 250 (Tex. Crim. App. 2007) (noting that Athe decision of
whether to request a limiting instruction concerning the proper use of certain
evidence, including extraneous offenses, may be a matter of trial strategy@).  Thus, absent
evidence in the record affirmatively explaining counsel=s strategy,
appellant cannot rebut the strong presumption of reasonable assistance.[2]

Even if counsel performed deficiently by not requesting the
limiting instruction, appellant has failed to demonstrate a reasonable
probability that but for counsel=s deficiency, the
result of the proceeding would have been different.  See Salinas, 163
S.W.3d at 740.  The jury charge included a limiting instruction,[3]
reducing the likelihood that the jury relied upon








 the
extraneous acts mentioned in Patricia=s statement when
they convicted appellant.  See Walker v. State, 4 S.W.3d 98, 107 (Tex.
App.CWaco 1999, pet.
ref=d) (stating that
even though counsel failed to request a contemporaneous limiting instruction,
limiting instruction in jury charge negated any possibility that jury would
have relied upon extraneous offenses about which appellant complained). 
Moreover even absent counsel=s alleged ineffectiveness, the jury still
had sufficient evidence in the form of Amanda=s eye-witness
testimony and appellant=s own incriminating confession on which to
convict.  See id. (even if counsel=s failure to
request a limiting instruction was deficient, jury would still have had
sufficient evidence upon which to convict).  

Because we do not find that the above conduct constituted
ineffective assistance of counsel, we overrule appellant=s first issue.

B.  Designation of Outcry Witness and Inadmissable Hearsay 

In his second issue, appellant complains counsel performed
deficiently by failing to ask the trial court to determine who among Amanda,
Holcomb, Detective Morgan, and Deputy Parojcic was the proper outcry witness. 
In his fourth, fifth, and sixth issues, appellant argues counsel was
ineffective in failing to object to inadmissible hearsay testimony by Amanda,
Holcomb, Detective Morgan, and Deputy Parojcic.[4]








In these related points of error, appellant maintains that
Amanda should have been the designated outcry witness and that the testimony of
Holcomb, Detective Morgan, and Deputy Parojcic should have been objected to by
trial counsel and excluded by the court.  To succeed on his ineffectiveness
claim, appellant must demonstrate that had counsel requested designation of the
outcry witness, the trial court could only have determined that Amanda was the
outcry witness and that Holcomb=s, Detective Morgan=s, and Deputy
Parojcic=s testimony to
D.B.=s out-of-court
statements were inadmissible hearsay, and that a reasonable probability exists
that but for the admission of this hearsay the outcome of the proceeding would
have been different.  See Salinas, 163 S.W.3d at 740.  We do not find
support for this scenario in the record.  See Goodspeed, 187 S.W.3d at
392 (allegations of ineffectiveness must be firmly founded in the record).

According to article 38.072 of the Texas Code of Criminal
Procedure, outcry testimony from the first adult (other than the defendant) to
whom a child twelve years of age or younger makes statements describing the
alleged offense will not be inadmissible because of the hearsay rule if certain
requisites are met.[5] 
See Tex. Code Crim. Proc. Ann.
art. 38.072 (Vernon 2005); Chapman v. State, 150 S.W.3d 809, 812 (Tex.
App.CHouston [14th
Dist.] 2004, pet. ref=d).  To qualify as an outcry statement
under article 38.072, the statement must be more than a general allusion of
sexual abuse and the child must have described the alleged offense in some
discernible way.  Garcia v. State, 792 S.W.2d 88, 91 (Tex. Crim. App.
1990).  Multiple outcry witnesses may testify about different types and
instances of abuse committed by the defendant if each witness is the first
person to whom the child victim relayed information about the different
instances of abuse.  See Tear v. State, 74 S.W.3d 555, 559 (Tex. App.CDallas 2002, pet.
ref=d); Hernandez
v. State, 973 S.W.2d 787, 789 (Tex. App.CAustin 1998, pet.
ref=d).  The trial
court has broad discretion in determining the proper outcry witness, and its
determination will not be disturbed absent an abuse of discretion.  Garcia,
792 S.W.2d at 92.








As a threshold matter, we note that the record is silent as
to why counsel did not move to designate the outcry witness or object to
hearsay testimony, and we will not speculate about counsel=s strategic
decisions.  See Green v. State, 191 S.W.3d 888, 895 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d) (in face of undeveloped record, court
may not speculate about why trial counsel did not object).  Regarding appellant=s argument that
counsel should have moved to designate the outcry witness, based on the State=s pretrial Notice
of Intention to Use Child Abuse Victim=s Hearsay
Statement,[6]
counsel may have reasonably concluded that Amanda, Holcomb, and Deputy Parojcic
would each testify to a discrete instance of abuse.  See Hernandez, 973
S.W.2d at 789 (testimony of multiple outcry witnesses was admissible because
while testimonies both involved conduct comprising the charged offense, they
described discrete events occurring at different locations and times). 
Detective Morgan=s testimony was introduced not as outcry
testimony, but to impeach Amanda.  Given that counsel could have concluded
Amanda, Holcomb, and Deputy Parojcic all qualified as outcry witnesses and that
Detective Morgan was not giving outcry testimony, counsel may have reasonably
decided there was no need to request a determination of the outcry witness. 
Appellant has not rebutted the presumption that counsel=s failure to
request designation of the outcry witness was the exercise of reasonable
professional judgment.  See Green, 191 S.W.3d at 895. 








To show counsel was ineffective for failing to lodge a
hearsay objection, appellant must show that the trial court would have erred in
overruling such an objection.  See Vaughn v. State, 931 S.W.2d 564, 566
(Tex. Crim. App. 1996).  The trial court could have determined that both Amanda
and Holcomb were proper outcry witnesses, bringing their testimony within the
outcry exception to the hearsay rule.[7]
 See Chapman, 150 S.W.3d at
812.  Appellant argues
that Detective Morgan=s testimony to what Amanda said D.B. told her constituted
hearsay within hearsay and as such was inadmissible.  When a prior statement is
not offered as primary evidence, but to impeach the witness=s credibility, it is not hearsay.  Baldree
v. State, No. 01-06-00211-CR, ___ S.W.3d ___, 2007 WL 1845114, at *4 (Tex.
App.CHouston [1st Dist.] June 28, 2007,
pet. ref=d).  Such prior inconsistent
statements do not constitute hearsay because they are not offered for the truth
of the matter asserted.  See Tex.
R. Evid. 801(d).  The trial court could have concluded that Detective
Morgan=s testimony was admissible, reasoning
that Amanda=s testimony to D.B.=s statements were admissible under the outcry exception and
that Detective Morgan=s testimony to what Amanda said was offered to impeach Amanda
and not for the truth of the matter asserted.  Appellant has not shown the trial
court would have erred in overruling any hearsay objections to Amanda=s, Holcomb=s, or Detective
Morgan=s testimony.

Finally, without deciding whether Deputy Parojcic=s testimony to
D.B.=s statements
called for an objection, Deputy Parojcic=s testimony was
cumulative because Holcomb testified to essentially the same statements by
D.B.  The failure to object to cumulative evidence is harmless and will not
support a claim of ineffective assistance of counsel.  See Marlow v. State,
886 S.W.2d 314, 318 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d) (holding
failure to object to hearsay testimony was harmless where appellant=s testimony
contained essentially the same evidence). 

Appellant has not carried his burden under either prong of
the Strickland test, and we do not find counsel=s failure to
request designation of the outcry witness or raise hearsay objections so
outrageous that no competent attorney would have engaged in it.  See
Strickland, 466 U.S. at 687B96; Goodspeed, 187 S.W.3d at 392. 
We overrule appellant=s second issue and fourth, fifth, and
sixth issues with respect to appellant=s hearsay
argument. 








C.  Right to Confrontation

In his third, fourth, and sixth issues, appellant claims
counsel should have raised a Confrontation Clause objection to testimony by
Holcomb, Amanda, Detective Morgan, and Deputy Parojcic because D.B. did not
testify during the guilt-innocence phase of trial.  In his fifth issue,
appellant claims counsel should have objected on Confrontation Clause grounds
to Holcomb=s testimony to what D.B. said Amanda and D.B.=s grandmother
said. 








In Crawford v. Washington, the United States Supreme
Court held that admission of testimonial hearsay violates a defendant=s Sixth Amendment
right to confrontation when the declarant is unavailable to testify and the
defendant had no prior opportunity to cross-examine the declarant.  Crawford
v. Washington, 541 U.S. 36, 68 (2004).  The Confrontation Clause may act as
a brake upon the admission of Atestimonial@ child outcry
statements unless the child actually testifies or is presently unavailable but
has been subject to cross‑examination in a prior proceeding.  See
Martinez v. State, 178 S.W.3d 806, 811 n.21 (Tex. Crim. App. 2005). 
Appellant argues that because D.B.=s statements were
testimonial in nature and she was not available to testify at the
guilt-innocence phase of trial, Crawford bars admission of her
statements through testimony by Holcomb, Amanda, Detective Morgan, and Deputy
Parojcic.  We again observe that because the record does not reveal trial
counsel=s strategy behind
the decision not to object, appellant has failed to rebut the strong
presumption that his counsel acted reasonably.  See Green, 191 S.W.3d at
895.  In addition, D.B. testified as a witness for the defense during the
punishment phase of trial.  Other than the fact that the State chose not to
call D.B. to testify during the guilt-innocence phase, appellant does not point
to any other evidence demonstrating D.B.=s unavailability,
nor does he explain how Crawford applies when the declarant testifies
during part of the trial.  See Hernandez v. State, No. 03‑04‑00418‑CR,
2005 WL 3440748, at *2 (Tex. App.CAustin Dec. 15,
2005, no pet.) (mem. op., not designated for publication) (overruling
ineffective assistance claim for failure to raise Confrontation Clause
objection because appellant made no effort on appeal to demonstrate that such
an objection would have been meritorious).  Consequently, appellant has failed
to meet the first prong of Crawford by showing that D.B. was unavailable
to testify.  See Crawford v. State, 139 S.W.3d 462, 465 (Tex. App.CDallas 2004, pet.
ref=d) (concluding Crawford
did not apply because appellant had opportunity to cross‑examine
complainant regarding extrajudicial testimonial statements).  In addition,
because Amanda and D.B.=s grandmother both testified, there was no
confrontation violation when Holcomb testified to what D.B. said Amanda and her
grandmother said.  Accordingly, counsel was not ineffective for failing to
lodge an objection.  See Edmond v. State, 116 S.W.3d 110, 115 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d) (trial counsel is not ineffective for
failing to raise a frivolous objection).

Because appellant has failed to rebut the strong
presumption that counsel made the above decisions in the exercise of reasonable
professional judgment and because appellant has not shown that D.B. was
unavailable to testify, appellant has not demonstrated that trial counsel=s failure to raise
Confrontation Clause objections constituted ineffective assistance.  We
overrule appellant=s third, fourth, fifth, and sixth issues
with respect to appellant=s confrontation argument.

D.  Conclusion

Appellant=s above complaints regarding the
performance of his trial counsel are not firmly rooted in the record.  In the
absence of such a record on direct appeal, appellant cannot overcome the strong
presumption that his trial counsel=s strategy was
reasonable from counsel=s perspective at trial.  

We affirm the trial court=s judgment.

 

/s/      Leslie
B. Yates

Justice

 

Judgment rendered
and Memorandum Opinion filed May 8, 2008.

Panel consists of
Justices Yates, Fowler, and Guzman.

Do Not Publish C Tex. R. App. P.
47.2(b).









[1]  Appellant would have been entitled to a contemporaneous limiting
instruction had trial counsel requested one.  See Rankin v. State,
974 S.W.2d 707, 712 (Tex. Crim. App. 1996).





[2]  In support of this argument, appellant cites Ex
parte Varelas, 45 S.W.3d 627, 630B32
(Tex. Crim. App. 2001).  However, the appellant in Varelas had filed an
application for writ of habeas corpus after the appellate court rejected his
direct appeal on grounds that the Asilent
record@ failed to rebut Athe
strong presumption that trial counsel=s
conduct [fell] within the wide range of reasonable professional assistance.@  See id. at 632.  The habeas petition
contained an affidavit from the appellant=s
trial lawyer admitting that the failure to request a contemporaneous limiting
instruction was not the result of trial strategy but was simply an oversight.  See
id.  Based on this affidavit, the Varelas court found the appellant=s counsel ineffective.  See id.  However, as we
do not have similar evidence in the record before us demonstrating counsel=s lack of strategy, appellant=s reliance on Varelas is misplaced.





[3]  Appellant cites Rankin, 974 S.W.2d at
712, in support of his contention that counsel provided ineffective assistance
by failing to seek a limiting instruction at the time the extraneous offense
evidence was admitted. We rejected a similar argument in Webb, noting
that although Rankin discusses the importance of a contemporaneous
limiting instruction, it does not address whether the failure to request a
limiting instruction constitutes ineffective assistance.  See Webb, 995
S.W.2d at 300.





[4]  Appellant also argues in his fourth, fifth, and
sixth issues that counsel=s failure to object to inadmissible hearsay testimony
compromised his Sixth Amendment right to confrontation.  Because appellant
asserts two grounds in his fourth, fifth, and sixth issues in support of his
argument that counsel was ineffectiveCfailing
to object to inadmissible hearsay and failing to protecting appellant=s confrontation rightsCwe address the hearsay and confrontation arguments separately.





[5]  The statement is admissible if (1) on or before the
fourteenth day before the date the proceeding begins, the party intending to
offer the statement notifies the adverse party of its intention to do so,
provides the adverse party with the name of the witness through whom it intends
to offer the statement, and provides the adverse party with a written summary
of the statement, (2) the trial court finds, in a hearing conducted outside the
presence of the jury, that the statement is reliable based on the time,
content, and circumstances of the statement, and (3) the child testifies or is
available to testify at the proceeding in court or in any other manner provided
by law.  See Tex. Code Crim.
Proc. Ann. art. 38.072 ' 2(b) (Vernon
2005).





[6]  In its pretrial Notice, the State listed Amanda, Holcomb, and Deputy
Parojcic as witnesses who would testify to D.B.=s outcry statements and summarized each witness=s testimony.  The Notice stated
that Amanda would testify to D.B.=s affirmative responses to Amanda=s questions regarding whether
appellant made D.B. open-mouth kiss him and perform oral sex on him.  Deputy
Parojcic would testify that D.B. said appellant Atouches her in and kisses her in her private area@ and that D.B. received gifts in
return for allowing appellant to do these things to her.  Holcomb would testify
that D.B. told her appellant licked D.B.=s privates, French kissed her, rubbed her vagina with his
fingers, made D.B. rub appellant=s private, made D.B. put appellant=s penis in her mouth, and tried to
put his penis in D.B.=s anus.  





[7]  D.B. first described the offense of appellant
causing his sexual organ to contact her mouth to Amanda on the evening of July
9, 2005.  She first described the offense of appellant causing his mouth to
contact her sexual organ during her interview with Holcomb on July 11, 2005.