In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00141-CR

                                                ______________________________

 

 

                                   JESSE DWAYNE BLACK,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 23640

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Jesse Dwayne
Black was driving a maroon Toyota Tundra—bearing Texas license number 15FLD5
and filled with gasoline—in front of a Murphy Oil Company filling station in
Paris, Texas, when spotted by Paris Police Officer Curtis Graham.  Graham was, at that moment, in the midst of
investigating a theft of $60.11 worth of gasoline from that station just
minutes before—a theft reportedly committed by a man matching Black’s
description and driving a maroon Toyota Tundra, license number 15FL05, not
exactly matching the correct number, 15FLD5.

            Black was
arrested by Graham, and convicted by a jury, for theft of property, of less
than $1,500.00, with two prior convictions. 
The trial court assessed punishment, sentencing Black to two years’
confinement in a state-jail facility. 
Black appeals, asserting only ineffective assistance of his trial
counsel.  We affirm the trial court’s
judgment.

            The evidence
in this case consists of the testimony of the attendant operating the filling
station and the arresting officer.  The
record shows that the attendant called police, stating that a person in a
maroon Toyota Tacoma[1]
had driven off without paying for $60.11 of gasoline.  He reported that the truck bore license
number 15FL05.  Graham came to the
station and spoke with the attendant, who informed him that the vehicle was a
maroon Toyota Tundra pickup and that the driver was a black male in his
mid-forties with a mustache.  While
talking to the attendant, Graham saw a truck matching that description driving
on Lamar Avenue in front of the station. 

            Graham
stopped the vehicle driven by Black—a Toyota Tundra, license number
15FLD5.  The officer checked the gas
gauge, which showed the tank was full, and then took Black to the station,
where the attendant, without hesitation, identified him as the thief. 

            On appeal,
Black argues that his trial counsel was constitutionally ineffective in failing
to object to various pieces of evidence used at trial:  a “showup” identification of Black at the
police station, identification of Black resulting from an allegedly unlawful
arrest, in-court identification of Black, Graham’s allegedly “bolstering”
testimony that the attendant identified Black on the spot, and the allegedly
irrelevant audio portion of the police unit’s arrest video of Black—about seven
minutes of Black’s repetitive cursing and racial comments.

            The
standard of testing claims of ineffective assistance of counsel is set out in Strickland
v. Washington, 466 U.S. 668 (1984). 
To prevail on this claim, a defendant must prove by a preponderance of
the evidence (1) that his or her counsel’s representation fell below an
objective standard of reasonableness and (2) that the deficient performance
prejudiced the defense.  Id. at 689; Rosales v. State, 4
S.W.3d 228, 231 (Tex. Crim. App. 1999). 
To meet this burden, a defendant must prove that the attorney’s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for the attorney’s deficiency,
the result of the trial would have been different.  Ex parte Martinez, 195 S.W.3d 713, 730
(Tex. Crim. App. 2006); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  Under this standard, a defendant must prove
that counsel’s representation so undermined the proper functioning of the
adversarial process that the trial cannot be relied on as having produced a
just result.  Strickland, 466 U.S.
at 686.

            “This
requires a showing that counsel made errors so serious that counsel was not
functioning as ‘counsel’ guaranteed the defendant by the Sixth Amendment.”  Ex parte Nailor, 149 S.W.3d 125, 130
n.15 (Tex. Crim. App. 2004) (quoting Strickland, 466 U.S. at 687).

            No motion
for new trial was filed in this case, and no post-trial hearings were
conducted.  We thus have no record to
explain why trial counsel conducted the trial as he did.

            Where an
appellate record is silent as to why trial counsel failed to take certain
actions, the appellant has failed to rebut the presumption that trial counsel’s
decision was in some way reasonable.  See
Mata v. State, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007).  The ineffectiveness of counsel is a matter
that must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. 
Smith v. State, 51 S.W.3d 806, 813 (Tex. App.—Texarkana 2001, no
pet.).  In the absence of such a record,
and in the lack of anything that would indicate such completely ineffective
assistance as could be shown without such a record, we must overrule the point
of error.

            We address
the different allegations of ineffective assistance of counsel.  First, we examine the “showup” identification
of Black.

            A “showup”
has been defined as a “pretrial identification procedure in which a suspect is
confronted with a witness to or the victim of a crime.  Unlike a lineup, a showup is a one-on-one
confrontation.”  Black’s Law Dictionary 1506 (9th ed. 2009).  Identification procedures where a suspect is
viewed singly by a witness have been widely condemned, but due process is not
invariably violated by such a procedure. 
Jackson v. State, 657 S.W.2d
123, 127 (Tex. Crim. App. 1983).  The question
is, based on the facts of this particular case, whether the totality of
circumstances shows a deprivation of due process.  Id.  In our analysis, we look to see whether there
was a “very substantial likelihood” of misidentification, which would violate
the right to due process and require exclusion of the identification.  Id.
(quoting from Neil v. Biggers, 409
U.S. 188, 197 (1972), and Simmons v.
United States, 390 U.S. 377, 384 (1968)).

            Neil and Jackson set out factors to be considered in assessing the
reliability of the identification procedure. 
One of those factors is the opportunity to view the perpetrator.  Here, the attendant watched the perpetrator
pump the gas and was nearly run down by the driver as the attendant attempted
to stop the vehicle.  Another factor is
the degree of attention.  It is
reasonable to conclude that the attendant was paying close attention to the
driver during the “drive-off” confrontation. 
Another factor is the accuracy of the description.  No discrepancies in the description of the
perpetrator were shown to exist.  Another
factor is the level of certainty of the identification.  The attendant was reportedly certain that
Black was the driver, when Black was brought before her.  Finally, the length of time between the crime
and the identification is a factor. 
Although the time lapse here was not shown precisely, it appears to have
been less than an hour. 

            Based
on these factors, an attorney could reasonably conclude that it would be
unfruitful to seek to suppress the evidence and thus reasonably choose not to
raise an objection based on the “showup.” 
The failure to object to admissible evidence does not constitute
ineffective assistance.  McFarland v. State, 845 S.W.2d 824, 846
(Tex. Crim. App. 1992).

            Next, we
address the allegedly illegal arrest. 
Black was stopped because his vehicle matched the description of the
vehicle given by the attendant, and—with the understandable exception of the
discrepancy between a “0” and a “D” in the number—the license plate matched as
well.  That is an adequate reason for a
stop.  Plus, the gas tank was full, and
the physical appearance of the driver matched that given by the attendant.  Finally, Black was identified as the thief without
hesitation by the attendant.  See Tex.
Code Crim. Proc. Ann. art. 14.03(1)  (Vernon Supp. 2010) (peace officer may arrest
without a warrant a person “found in suspicious places and under circumstances
which reasonably show that such persons have been guilty of some . . . breach
of the peace”).  In this case, the
vehicle identified as the instrumentality of the theft was a suitably “suspicious
place.”  Based on these facts, a
detention and subsequent arrest was supportable; and trial counsel could
reasonably find no reason to object to the identification based on those
grounds.

            Next, we
examine the in-court identification. 
Based on the scenario set out above, there would be little chance of
succeeding in an objection to the in-court identification, and counsel could
reasonably choose not to raise an objection that had little chance of success.

            But was
there objectionable “bolstering” testimony? 
Black argues that trial counsel should have objected to Graham’s
testimony that the attendant identified Black on the spot as being improper
bolstering of the attendant’s testimony identifying Black as the
miscreant.  Bolstering generally refers
to evidence that improperly supports the testimony of an unimpeached witness or
adds credence or weight to prior evidence introduced by the same party.  State
v. Balderas, 915 S.W.2d 913, 919 (Tex. App.—Houston [1st Dist.] 1996, pet.
ref’d); see Rivas v. State, 275
S.W.3d 880, 886 & n.3 (Tex. Crim. App. 2009).[2]

            In this
case, it is reasonable to conclude that Graham’s testimony did not bolster the
attendant’s testimony.  It provided proof
of when the identification was made, with an indication of the certainty of the
identification at that point in time. 
Although it may have added credence to the identification, it also
provided an additional piece of evidence that was helpful in light of the type
of identification procedure used.  Thus,
a “bolstering” objection could reasonably have been considered fruitless or
could have been insufficient to preserve error. 
The decision of counsel not to object on this basis thus has a rational
basis.

            We
turn, finally, to the audio recording of Black’s initial stop by Graham.  Black contends his trial counsel should have
objected to the admission of the audio portion of the video made of Black when
he was stopped.  His argument on appeal
is that trial counsel should have made a relevancy objection.  Approximately seven minutes of the video
consists of Black’s unimaginative and repetitive cursing and racial comments
directed at Graham.

            Relevant
evidence is “evidence having any tendency to make the existence of any fact
that is of consequence to the determination of the action more or less probable
than it would be without the evidence.”  Tex. R. Evid. 401.  Relevant evidence is generally admissible.  It is not apparent how this evidence would be
relevant, however.  Thus, it may very
well have been objectionable.

            This record,
however, contains nothing to reveal the reasoning of trial counsel in failing
to object to its admission. Where an appellate record is silent as to why trial
counsel failed to take certain actions, Black has failed to rebut the
presumption that trial counsel’s decision was in some way reasonable.  See Mata, 226 S.W.3d at 431.  In this case, there is no record at any level
to indicate why counsel chose to take or declined to take any of these actions.

            We overrule
the sole contention of error and affirm the judgment of the trial court.

 

 

                                                                                                Josh
R. Morriss, III

                                                                                                Chief
Justice

 

Date Submitted:       December 15, 2010                

Date Decided:         December 16, 2010

 

Do Not Publish











[1]The
recorded 9-1-1 call had the attendant reporting the truck as being a Toyota Tacoma.  Universally, thereafter, the truck was
referred to as a Toyota Tundra. 





[2]The court in Rivas
explained that “[w]hile the term ‘bolstering’ is slowly dying as an
objection on its face, it has not yet expired, despite the fact that the term
itself failed to survive the adoption of the Rules” and indicating that
“bolstering” has ties to Rule 613(c) of the Texas Rules of Evidence, which
involves prior consistent statements and reiterates principles of hearsay.  Tex.
R. Evid. 613(c).  Bolstering
occurs when the testimony’s sole purpose is to enhance the credibility of a
witness or source of evidence, without substantively contributing “to make the
existence of [a] fact that is of consequence to the determination of the action
more or less probable than it would be without the evidence.”  Some courts have held that a general
“bolstering” objection is insufficiently specific to preserve error because it
does not sufficiently inform the trial court of the nature of the
objection.  In re J.D., 195 S.W.3d 161, 183 (Tex. App.—San Antonio 2006, no
pet.); Montoya v. State, 43 S.W.3d
568, 573 (Tex. App.—Waco 2001, no pet.).

. 

.