

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-10-00141-CR

_____

JESSE DWAYNE BLACK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 23640

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jesse Dwayne Black was driving a maroon Toyota Tundra—bearing Texas license number 15FLD5 and filled with gasoline—in front of a Murphy Oil Company filling station in Paris, Texas, when spotted by Paris Police Officer Curtis Graham. Graham was, at that moment, in the midst of investigating a theft of $60.11 worth of gasoline from that station just minutes before—a theft reportedly committed by a man matching Black's description and driving a maroon Toyota Tundra, license number 15FL05, not exactly matching the correct number, 15FLD5.

Black was arrested by Graham, and convicted by a jury, for theft of property, of less than $1,500.00, with two prior convictions. The trial court assessed punishment, sentencing Black to two years' confinement in a state-jail facility. Black appeals, asserting only ineffective assistance of his trial counsel. We affirm the trial court's judgment.

The evidence in this case consists of the testimony of the attendant operating the filling station and the arresting officer. The record shows that the attendant called police, stating that a person in a maroon Toyota Tacoma[1] had driven off without paying for $60.11 of gasoline. He reported that the truck bore license number 15FL05. Graham came to the station and spoke with the attendant, who informed him that the vehicle was a maroon Toyota Tundra pickup and that the driver was a black male in his mid-forties with a mustache. While talking to the attendant, Graham saw a truck matching that description driving on Lamar Avenue in front of the station.

---

[1]The recorded 9-1-1 call had the attendant reporting the truck as being a Toyota Tacoma. Universally, thereafter, the truck was referred to as a Toyota Tundra.

Graham stopped the vehicle driven by Black—a Toyota Tundra, license number 15FLD5. The officer checked the gas gauge, which showed the tank was full, and then took Black to the station, where the attendant, without hesitation, identified him as the thief.

On appeal, Black argues that his trial counsel was constitutionally ineffective in failing to object to various pieces of evidence used at trial: a "showup" identification of Black at the police station, identification of Black resulting from an allegedly unlawful arrest, in-court identification of Black, Graham's allegedly "bolstering" testimony that the attendant identified Black on the spot, and the allegedly irrelevant audio portion of the police unit's arrest video of Black—about seven minutes of Black's repetitive cursing and racial comments.

The standard of testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on this claim, a defendant must prove by a preponderance of the evidence (1) that his or her counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense. *Id.* at 689; *Rosales v. State*, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, a defendant must prove that the attorney's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Ex parte Martinez*, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under this standard, a defendant must prove that counsel's representation so undermined the proper

3

functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 686.

"This requires a showing that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Ex parte Nailor*, 149 S.W.3d 125, 130 n.15 (Tex. Crim. App. 2004) (quoting *Strickland*, 466 U.S. at 687).

No motion for new trial was filed in this case, and no post-trial hearings were conducted. We thus have no record to explain why trial counsel conducted the trial as he did.

Where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has failed to rebut the presumption that trial counsel's decision was in some way reasonable. *See Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). The ineffectiveness of counsel is a matter that must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Smith v. State*, 51 S.W.3d 806, 813 (Tex. App.—Texarkana 2001, no pet.). In the absence of such a record, and in the lack of anything that would indicate such completely ineffective assistance as could be shown without such a record, we must overrule the point of error.

We address the different allegations of ineffective assistance of counsel. First, we examine the "showup" identification of Black.

A "showup" has been defined as a "pretrial identification procedure in which a suspect is confronted with a witness to or the victim of a crime. Unlike a lineup, a showup is a one-on-one

4

confrontation." BLACK'S LAW DICTIONARY 1506 (9th ed. 2009). Identification procedures where a suspect is viewed singly by a witness have been widely condemned, but due process is not invariably violated by such a procedure. *Jackson v. State*, 657 S.W.2d 123, 127 (Tex. Crim. App. 1983). The question is, based on the facts of this particular case, whether the totality of circumstances shows a deprivation of due process. *Id.* In our analysis, we look to see whether there was a "very substantial likelihood" of misidentification, which would violate the right to due process and require exclusion of the identification. *Id.* (quoting from *Neil v. Biggers*, 409 U.S. 188, 197 (1972), and *Simmons v. United States*, 390 U.S. 377, 384 (1968)).

*Neil* and *Jackson* set out factors to be considered in assessing the reliability of the identification procedure. One of those factors is the opportunity to view the perpetrator. Here, the attendant watched the perpetrator pump the gas and was nearly run down by the driver as the attendant attempted to stop the vehicle. Another factor is the degree of attention. It is reasonable to conclude that the attendant was paying close attention to the driver during the "drive-off" confrontation. Another factor is the accuracy of the description. No discrepancies in the description of the perpetrator were shown to exist. Another factor is the level of certainty of the identification. The attendant was reportedly certain that Black was the driver, when Black was brought before her. Finally, the length of time between the crime and the identification is a factor. Although the time lapse here was not shown precisely, it appears to have been less than an hour.

Based on these factors, an attorney could reasonably conclude that it would be unfruitful to seek to suppress the evidence and thus reasonably choose not to raise an objection based on the "showup." The failure to object to admissible evidence does not constitute ineffective assistance. *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992).

Next, we address the allegedly illegal arrest. Black was stopped because his vehicle matched the description of the vehicle given by the attendant, and—with the understandable exception of the discrepancy between a "0" and a "D" in the number—the license plate matched as well. That is an adequate reason for a stop. Plus, the gas tank was full, and the physical appearance of the driver matched that given by the attendant. Finally, Black was identified as the thief without hesitation by the attendant. *See* TEX. CODE CRIM. PROC. ANN. art. 14.03(1) (Vernon Supp. 2010) (peace officer may arrest without a warrant a person "found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some . . . breach of the peace"). In this case, the vehicle identified as the instrumentality of the theft was a suitably "suspicious place." Based on these facts, a detention and subsequent arrest was supportable; and trial counsel could reasonably find no reason to object to the identification based on those grounds.

Next, we examine the in-court identification. Based on the scenario set out above, there would be little chance of succeeding in an objection to the in-court identification, and counsel could reasonably choose not to raise an objection that had little chance of success.

6

But was there objectionable "bolstering" testimony? Black argues that trial counsel should have objected to Graham's testimony that the attendant identified Black on the spot as being improper bolstering of the attendant's testimony identifying Black as the miscreant. Bolstering generally refers to evidence that improperly supports the testimony of an unimpeached witness or adds credence or weight to prior evidence introduced by the same party. *State v. Balderas*, 915 S.W.2d 913, 919 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd); *see Rivas v. State*, 275 S.W.3d 880, 886 & n.3 (Tex. Crim. App. 2009).[2]

In this case, it is reasonable to conclude that Graham's testimony did not bolster the attendant's testimony. It provided proof of when the identification was made, with an indication of the certainty of the identification at that point in time. Although it may have added credence to the identification, it also provided an additional piece of evidence that was helpful in light of the type of identification procedure used. Thus, a "bolstering" objection could reasonably have been considered fruitless or could have been insufficient to preserve error. The decision of counsel not to object on this basis thus has a rational basis.

---

[2]The court in *Rivas* explained that "[w]hile the term 'bolstering' is slowly dying as an objection on its face, it has not yet expired, despite the fact that the term itself failed to survive the adoption of the Rules" and indicating that "bolstering" has ties to Rule 613(c) of the Texas Rules of Evidence, which involves prior consistent statements and reiterates principles of hearsay. TEX. R. EVID. 613(c). Bolstering occurs when the testimony's sole purpose is to enhance the credibility of a witness or source of evidence, without substantively contributing "to make the existence of [a] fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Some courts have held that a general "bolstering" objection is insufficiently specific to preserve error because it does not sufficiently inform the trial court of the nature of the objection. *In re J.D.*, 195 S.W.3d 161, 183 (Tex. App.—San Antonio 2006, no pet.); *Montoya v. State*, 43 S.W.3d 568, 573 (Tex. App.—Waco 2001, no pet.).
.
.

We turn, finally, to the audio recording of Black's initial stop by Graham. Black contends his trial counsel should have objected to the admission of the audio portion of the video made of Black when he was stopped. His argument on appeal is that trial counsel should have made a relevancy objection. Approximately seven minutes of the video consists of Black's unimaginative and repetitive cursing and racial comments directed at Graham.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." TEX. R. EVID. 401. Relevant evidence is generally admissible. It is not apparent how this evidence would be relevant, however. Thus, it may very well have been objectionable.

This record, however, contains nothing to reveal the reasoning of trial counsel in failing to object to its admission. Where an appellate record is silent as to why trial counsel failed to take certain actions, Black has failed to rebut the presumption that trial counsel's decision was in some way reasonable. *See Mata*, 226 S.W.3d at 431. In this case, there is no record at any level to indicate why counsel chose to take or declined to take any of these actions.

We overrule the sole contention of error and affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice


Date Submitted:     December 15, 2010
Date Decided:       December 16, 2010


8

Do Not Publish